ALLEN HADNOT v. THE STATE.

No. 11805. Delivered May 9, 1928.
Rehearing denied June 20, 1928.

110

The opinion states the case.

*A. T. Blackshear, Adams & Hamilton* of Jasper, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, twenty-five years in the penitentiary.

The actors in this tragedy were all negroes. According to the State's theory, amply supported by evidence, a controversy arose in deceased's place of business over a domino game. Deceased was followed out of the room by appellant and his two brothers, who chased him around the chicken house, caught him, and one of appellant's brother hit him with a stick of stove wood and he fell, whereupon appellant shot him. According to appellant's theory deceased followed him to the house of appellant's stepfather, tried to get a shotgun and told appellant he was going to kill him. The shotgun was taken away from deceased by appellant's stepfather, after which deceased said, "I will kill you, you s— of a b—," and

drew back with a piece of wood and was fixing to hit him on the head when appellant shot him . He shot three times, hitting deceased once in the head. Deceased was bruised about the head as well as shot.

It is claimed by appellant that the Court erred in refusing to charge on threats. The only threat shown to have been made was during the progress of the difficulty in the presence of appellant and directed to him. It is only necessary to charge the law of threats when the threats have been made antecedent to the difficulty either in appellant's presence or to third parties when communicated to him prior to such difficulty. Hancock v. State, 47 Tex. Crim. Rep. 9. Branch's P. C., Sec. 2075. The Court gave a charge on threats and charged the jury to consider same along with the other evidence in the case bearing on the issue of self-defense. This was more than the appellant was entitled to.

It is further contended that the Court should have charged on aggravated assault. Appellant admitted that he knew his pistol was loaded when he fired same but says he didn't intend to kill deceased. The weapon used by appellant was per se deadly and the law presumes under such circumstances an intent to kill. Collins v. State, 299 S. W. 403. The facts of this case did not raise the issue of aggravated assault.

According to the State's witnesses, one of appellant's brothers remarked during the difficulty that they, meaning the Hadnot brothers, were the only "tush hogs in the country." The District Attorney, in some of his questions, referred to them as "James brothers." It is contended that this was a reference to them as outlaws and was prejudicially erroneous. The jury must have understood it as in the nature of a facetious remark and we are not able to believe that appellant could have been injured by same.

A witness by the name of Harris testified to the main incriminating fact against appellant. He was contradicted in some particulars by the brother of deceased. One other witness testified that his reputation for truth and veracity was bad. Apparently upon the assumption that this witness was impeached as a matter of law, the appellant presents the point that the evidence is insufficient, in that the State's case rests upon the testimony of a witness shown to be unworthy of belief. This was a fact question and the jury who heard the testimony and observed the demeanor of the witnesses has apparently resolved this issue against appellant. Such questions pre-

sent issues of fact for the jury and not the appellate court and its finding will not be disturbed on appeal. We deem the evidence sufficient.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Responding to the motion for rehearing, we have re-examined the record. As related in the original opinion, the testimony of the State and of the defendant presented conflicting theories. If believed by the jury, the State's testimony is quite sufficient to support the verdict. If the jury had believed the evidence supporting the appellant's theory, the result of the trial might have been different. The issues of fact having been determined by the jury, guided by an appropriate charge, the verdict is binding alike upon the accused and the court. The discussion of the rulings of the court and the instructions given in the original opinion require no repetition or elaboration.

The motion is overruled.

*Overruled.*