**Lavern ASHWORTH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40514.**

Court of Criminal Appeals of Texas.

July 19, 1967.

Rehearing Denied Oct. 11, 1967.

**669**

Clyde W. Woody, Marian S. Rosen, John P. Farra (all on appeal only), Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Donald Keith, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

Appellant was tried upon an indictment for murder with malice and convicted of the offense of murder without malice. Punishment was assessed at confinement in the Department of Corrections for a term of five years.

Notice was given by the state that it would not seek the death penalty.

The issues of appellant's guilt or innocence and punishment were determined under the alternate procedure provided by Art. 37.07–2 of the 1965 Code. Following return of the jury's verdict of guilty, appellant elected to have the judge assess the punishment.

The evidence was undisputed that appellant killed the deceased by shooting him with a pistol. The killing occurred just outside the apartment of the deceased.

Testifying in her own behalf, appellant claimed the right of self-defense, swearing that on the night in question the deceased had beaten her up and was coming at her with a gun. She swore that she shot the deceased because she was in fear of her life and serious bodily injury. She further stated that she did not intend to kill the deceased but only intended to shoot him to prevent him from killing her.

The issue of self-defense was submitted to the jury.

Four grounds of error are urged by appellant in her brief filed in the trial court.

In her first ground she complains of the court's instructions in certain paragraphs of the charge, which she insists were comments upon the weight of the evidence and constituted a denial of her rights guaranteed by Article 1, Sections 10 and 19 of the Constitution of this State, Vernon's Ann.St. and the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

The record reflects that while certain objections were made to the charge, no objections were made, on the grounds now urged, to any of the paragraphs of which appellant now complains.

Art. 36.14, V.A.C.C.P. (1965), which directs that the trial judge deliver a written charge to the jury, provides:

"* * * Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection. * *" Article 36.19 of the Code provides:

"Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.-16, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial."

■ In the absence of an objection to the charge, no errors therein can be considered which are not fundamental. Morrow v. State, Tex.Cr.App., 396 S.W.2d 386.

We find no fundamental error in the charge.

■ It does not appear from the record that appellant has been deprived of a fair and impartial trial, nor does it appear that any error was committed which was calculated to injure her rights. The ground of error is overruled.

In her ground of error #2, appellant insists that the court erred in failing to charge the jury on the lesser degrees of culpable homicide, including assault with intent to commit murder, pursuant to the requirements of Articles 37.08 and 37.09 of the Code of Criminal Procedure.

■ No request was made by appellant that the court charge on any lesser included offense and no objection was made to the court's charge on such ground. In the absence thereof, appellant is in no position to complain. We observe, however, that a charge on any lesser included offense was not called for under the evidence.

In her fourth ground of error appellant insists that the court erred in instructing the jury pursuant to the provisions of Art. 37.07-2(a) as to the punishment provided by law for the offenses of both murder with and without malice.

No objection was made by appellant to the court's instructions.

Art. 37.07-2(a), supra, provides, in part, as follows:

"* * * provided, however, that in the charge which submits the issue of guilt or innocence there shall be included instructions showing the jury the punishment provided by law for each offense submitted."

■ Appellant insists that such provision of the statute is unconstitutional because it authorized the court to instruct the jury as to the punishment prescribed for the offense, when she had not elected to have the jury determine her punishment.

Such procedure, appellant contends, violates her rights to equal protection and due process of law as guaranteed under the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States. No case is cited by appellant in support of her contention.

We know of none, and hold the statute constitutional.

 Art. 1, Sec. 15, of our Texas Constitution, provides that the right of trial by jury shall remain inviolate. Section 15 further grants to the legislature the power to regulate the trial by jury. The enactment of Art. 37.07-2, providing for the alternate procedure in determining guilt or innocence of an accused and the punishment to be assessed, was within the province of the legislature under the authority of Art. 1, Sec. 15, of the Constitution.

Recently, in Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, the Supreme Court of the United States recognized the wide latitude of the states in regulating jury trials in criminal cases without violating the due process clause of the Constitution of the United States.

 In her remaining ground of error, #3, appellant insists that the court erred in refusing to permit her husband, on direct examination, to testify that when she returned home from the scene of the killing she told him that she had killed the deceased because he was coming at her with a gun. Appellant insisted that the statement to her husband, made after the shooting, was, under the circumstances shown, admissibile as a part of the res gestae.

The state's objection to the testimony on the ground that it was a self-serving statement was by the court first sustained. We need not pass upon the correctness of the court's ruling in view of the fact that appellant was later permitted to relate, while she was testifying as a witness in her own behalf, what she had told her husband when she returned home after the killing.

At this point, when the court ruled that such statement would be admitted as res gestae, the state withdrew its objection and stated that it did not want any restriction placed on the entire conversation between appellant and her husband.

The court then advised appellant that she might proceed with the testimony. Thereafter, appellant's husband was recalled to the stand and testified that when she returned home she stated that she had killed the deceased "Because he was after me with a gun, trying to kill me."

Under the record, no prejudicial error is shown. Brinkley v. State, 161 Tex.Cr.R. 413, 277 S.W.2d 704.

The ground of error is overruled.

The judgment is affirmed.