Burdett STILLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 45928.

Court of Criminal Appeals of Texas.

April 4, 1973.

which he said was "to help him get out." The deceased's wife and uncle left immediately. Deceased's aunt went toward appellant and asked him not to shoot anymore. The appellant continued to shoot. Bailey Jones, who was not a member of the Kinney party, was struck in the shoulder and Kinney was struck in the neck and chest. These wounds caused Kinney's death. The jury refused to find that the appellant was justified in shooting Kinney in self defense.

The appellant insists that his testimony and other evidence raised the issue of aggravated assault. The appellant testified that he did not intend to kill the deceased. He testified that the deceased was making a violent attack upon him and that he kept firing because the appellant was on top of him and choking him.

The appellant admits firing the pistol at the deceased. A pistol is a deadly weapon per se. When a deadly weapon is fired at close range and death results, the law presumes an intent to kill. The intent to kill being presumed, the issue of aggravated assault was not raised. Barr v. State, 146 Tex.Cr.R. 178, 172 S.W.2d 322 (Tex.Cr.App.1943); Smith v. State, 411 S.W.2d 548 (Tex.Cr.App.1967); Schulz v. State, 446 S.W.2d 872 (Tex.Cr.App.1969); Dickson v. State, 463 S.W.2d 20 (Tex.Cr.App.1971).

The appellant's testimony under these circumstances, that he did not intend to kill the deceased nor anyone else, does not require that the charge on aggravated assault be given. Hadnot v. State, 110 Tex.Cr.R. 109, 7 S.W.2d 566 (Tex.Cr.App.1928); Smith v. State, supra, and the cases therein cited.

The judgment is affirmed.

Opinion approved by the Court.

---

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Donald Lambright, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for murder without malice; the punishment is four years imprisonment.

Appellant complains of the trial court's refusal to charge the jury on the law of aggravated assault.

Eugene Kinney, the deceased, his wife, and several other relatives were drinking beer at a lounge known as Rita's Barbeque. About 11:30 p. m. the appellant, who was the bartender, served the deceased and his party an order of pickled pig's feet. The deceased argued that the price was too high and that someone had already eaten off the pig's feet. The appellant did not demand payment but asked the deceased to leave. When Kinney did not respond, the appellant took a .22 pistol from under the bar and fired one shot over the deceased's head