**Ozie LONDON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52657.**

Court of Criminal Appeals of Texas.

Feb. 23, 1977.

---

**3.** See concurring opinion in *Hoagland v. State,* Tex.Cr.App., 494 S.W.2d 186 at 189.

Michael D. Matheny, Beaumont, on appeal only, for appellant.

R. Stanley Coe, Dist. Atty., Kountze, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for murder; punishment was assessed at twenty-five years.

Appellant contends the trial court erred in refusing to honor his timely objection to the court's charge for failure to instruct on the lesser included offense of criminally negligent homicide. We agree, and reverse.

On October 6, 1974, Jessie Finister was killed by a shotgun blast outside a pool hall near Silsbee in Hardin County. The evidence showed appellant and Finister had played a game of pool on a one dollar wager. Appellant won and Finister refused to pay. After an argument appellant left the premises and went to his home where he picked up the shotgun used in the killing. He took the loaded weapon back to the pool hall and confronted Finister. The State offered appellant's oral confession to the effect that he intentionally shot Finister over the one dollar bet.[1] Appellant testified that he held the loaded shotgun pointed at Finister when another person standing behind him hit the gun causing it to discharge. Another defense witness to the events testified to the same effect.

The issue before this Court is not the truth of appellant's testimony: the issue is whether that testimony raised the issue of criminally negligent homicide. The facts in this case bear a significant similarity to those presented in *Dockery v. State*, Tex.Cr. App., 542 S.W.2d 644. Although the prosecution in *Dockery* was under the former Penal Code, due to the date of prosecution we addressed the sufficiency of the evidence to prove negligent homicide under the present Code. In both cases there was evidence that a firearm was accidentally discharged resulting in the death of the person at whom it was pointed. This was held sufficient in *Dockery*, supra, to support a finding of guilt for criminally negligent homicide. The evidence in this case likewise raised the issue.

Criminally negligent homicide is defined in V.T.C.A., Penal Code Sec. 19.07(a):

"A person commits an offense if he causes the death of an individual by criminal negligence."

Criminal negligence is defined in V.T.C.A., Penal Code Sec. 6.03(d):

"A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when

---

1. The oral confession led to the discovery of the shotgun and a discharged shotgun shell. Appellant challenges the admissibility of the confession under V.T.C.A., Family Code Sec. 51.09, he being sixteen years of age when it was given. We decline to address this issue due to the state of the record before us, but in the event of a retrial *Lovell v. State*, Tex.Cr. App., 525 S.W.2d 511, should be consulted.

he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint."

A jury could find that appellant was criminally negligent in pointing a loaded shotgun at Finister. The State concedes in its brief that in a proper case an accused could be entitled to both a charge on accident and criminally negligent homicide. We find the facts here reveal this to be such a case. A charge on accident was not sufficient to protect appellant's rights because it left the jury with the single alternative of finding him guilty of murder or setting him free. What was written in *Esparza v. State*, Tex.Cr.App., 520 S.W.2d 891, 893, is equally persuasive here:

"By charging the jury only on the defensive theory of accident, as was done here, the court left the jury no alternative but to convict the appellant of murder with or without malice, or to acquit him. . . .

"If the facts raise the issue of negligent homicide, then a charge on that subject, if properly requested, must be given. If the accused requests charges on both accident and negligent homicide, and there is any doubt in the court's mind as to which issue should be submitted, the accused should be given the benefit of that doubt with charges on both being submitted."

The judgment is reversed and the cause remanded.

DOUGLAS, J., concurs in the result.