Mattie L. CAMPBELL, a/k/a Mattie L. Fowler a/k/a Mattie Gilliam Campbell, Appellant,

v.

The STATE of Texas, Appellee.

No. 60121.

Court of Criminal Appeals of Texas, Panel No. Three.

April 22, 1981.

Charles Louis Roberts, Joseph (Sib) Abraham, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Paul J. Kubinski, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for murder. After finding appellant guilty, the jury assessed punishment at 10 years.

In her first ground of error, appellant contends the court erred in failing to charge the jury on the offense of criminally negligent homicide. Appellant properly objected to the court's failure to include a charge on criminally negligent homicide and submitted a requested jury instruction on the issue.

Appellant testified that she and the deceased, Larry Lewis, had lived together for nine months in El Paso. She related that the deceased had been depressed for a period of time concerning a diabetic condition and a paternity suit which had been filed against him. In describing the events of May 13, 1976, appellant testified as follows:

"A. After that, like I say, he went in the bathroom. He fixed his hair with this black thing and he told me he was tired and he just was tired of nuts and bolts and he just didn't feel like going on and I thought he had a pick in his hand. When he started to go out of the bedroom door I was laying in the bed with a nighty and I looked and it was a gun. I jumped out of the bed and I said Lewis 'Let's talk' and he said 'I am tired I don't want to talk', I struggled and one bullet went off. I was still struggling with him and another bullet went off and he got in the third bedroom, he had the gun like this (indicating) and I caught hold of his hand and we were struggling and the gun went off. He fell. Both hands was on it, as I can remember, but I stumbled back by the door and I had the gun in my hand and I went to Lewis, I said 'Lewis speak to me, say something to me', and he wouldn't say anything . . . ."

After the deceased was shot, appellant telephoned the police and reported that she had shot him. With regard to the telephone conversation, appellant testified:

"Q. And can you explain to the jury why you said in response to her question 'Who did the shooting' or something to that effect, and the

jury heard the tape, I am not sure exactly what it said, 'I did'.

"A. I said 'I did' because we was scuffling with the gun, he had it pointed this way (indicating) and we both had our hands on it I think, and when it went off he fell so I had it in my hand last and when I called I was trying to get help for him and I said 'I did'."

█ This Court has held that when evidence from any source raises a defensive issue or raises an issue that a lesser included offense may have been committed and a jury charge on the issue is properly requested, the issue must be submitted to the jury. *Simpkins v. State*, 590 S.W.2d 129 (Tex.Cr. App.); *Roberts v. State*, 590 S.W.2d 498 (Tex.Cr.App.). The accused's own testimony is sufficient to raise an issue. *Jackson v. State*, 548 S.W.2d 685 (Tex.Cr.App.).

█ A person commits the offense of criminally negligent homicide if he causes the death of an individual by criminal negligence. V.T.C.A. Penal Code, Sec. 19.07(a). "Criminal negligence" is defined in Sec. 6.03(d) of the Penal Code:

"A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint."

In *Branham v. State*, 583 S.W.2d 782 (Tex.Cr.App.) we concluded that based on the defendant's testimony that she thought the gun was unloaded, that she did not intend to fire the gun, that her finger was not on the trigger and that the gun accidentally discharged when she was grabbed by a third party; the issue of criminally negligent homicide was raised. Therefore, the trial court erred in failing to charge the jury on this issue. In *Moore v. State*, 574 S.W.2d 122 (Tex.Cr.App.), the defendant testified that she could not remember aiming the gun or pulling the trigger of the gun that shot the victim. She was unfamiliar with guns and thought that the gun was unloaded. This Court held that the trial court should have charged the jury on criminally negligent homicide in that the defendant's testimony raised an issue as to whether she was negligent in not perceiving the risk which her conduct created. Likewise, in *London v. State*, 547 S.W.2d 27 (Tex.Cr.App.), we held that the trial court erred in ailing to charge the jury on criminally negligent homicide after the defendant testified that the gun he was holding on the victim accidentally discharged after he was hit in the back by a third party. Finally, in *Dockery v. State*, 542 S.W.2d 644 (Tex.Cr.App.), it was found that the defendant had properly been charged with criminally negligent homicide under our new Penal Code. The defendant's weapon had accidentally discharged while he was attempting to uncock it.

The State contends that the trial court was not required to submit appellant's requested charge on criminally negligent homicide. They point to the fact that evidence was produced which tended to contradict appellant's testimony at trial. Such evidence showed that there were no powder burns on the deceased's head and that blood stains were found in rooms other than those in which appellant stated that the shooting occurred. The State further directs our attention to appellant's admission that she shot the deceased as contained on a tape recording made at the dispatcher's office at the El Paso Police Department.

█ In determining whether the testimony of the accused raises a defensive issue which requires the submission of a jury instruction thereon, the truth of the accused's testimony is not at issue. *Rodriguez v. State*, 544 S.W.2d 382 (Tex.Cr.App.). Furthermore, a defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence regardless of whether that evidence is strong, feeble, impeached or contradicted. *Warren v.*

*State*, 565 S.W.2d 931 (Tex.Cr.App.). Therefore, the fact that the State presented evidence which tended to contradict appellant's testimony would not act so as to deny her right to a requested jury instruction on the issue of criminally negligent homicide.

The State further relies on *Jackson v. State*, supra, in support of the contention that appellant's testimony did not raise the issue of criminally negligent homicide. Such reliance is misplaced. In *Jackson*, the defendant was arguing with his wife and pulled a pistol from his pocket. The pistol was fired twice. Although merely intending to scare his wife, one of the shots killed the defendant's sister who was standing nearby. In the case at bar, appellant's testimony refuted the State's contention of an intentional shooting of the deceased.

We conclude that appellant's testimony raised the issue of criminally negligent homicide. She stated that the deceased had been depressed and entered a room with a gun in his hand. In the struggle to take the gun away from the deceased, the weapon discharged and killed him. This evidence raised an issue as to whether appellant was negligent in not perceiving the risk which her conduct created. The court erred in failing to submit appellant's requested charge on the offense of criminally negligent homicide.

The judgment is reversed and the cause remanded.