Eugene Paredas **GONZALES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–81–00006–CR.

Court of Appeals of Texas, Dallas.

April 27, 1982.

**900**

Daniel F. Solis, Dallas, for appellant.

Gregory S. Long, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C. J., and WHIT-HAM and GUILLOT, JJ.

GUITTARD, Chief Justice.

Eugene Paredas Gonzales was convicted of murder in a trial by jury and sentenced to a term of forty-five years. On appeal he contends that the evidence is insufficient to support the conviction, that the court erred in refusing to charge on the lesser included offenses of involuntary manslaughter, aggravated assault, and criminally negligent homicide, and that his confession was improperly admitted. All of these grounds are overruled, and the conviction is affirmed.

*First Ground: Insufficiency of Evidence*

Appellant was charged with the murder of Jose Valdivia, who had been present at a card game earlier in the day at the home of appellant's father. The principal witness for the State was Concepcion Serrato, one of the card players. According to Serrato, he had won money in the game, but Valdivia had participated in the game only briefly, if at all. After the game, Valdivia asked appellant to take them home, and appellant agreed to do so. However, appellant took them in a different direction and drove down by the river, where he told them to get out of the truck. Appellant then pointed a pistol at them and ordered them both to give him their money. Serrato took some money out of his pocket and put it on the seat of the truck. Appellant then pointed the pistol at Valdivia, and Valdivia asked him not to kill them. Appellant then fired the gun and shot Valdivia in the side. Valdivia fell and appellant shot him again. He then fired a shot at Serrato and missed, but another shot hit Serrato in the chin. Serrato also fell, and he thought he heard appellant shooting again at Valdivia. Appellant then put the pistol to the back of Serrato's head and attempted to fire it, but it was apparently out of bullets. Appellant then got into his truck and drove away, leaving both Serrato and Valdivia.

Appellant signed a confession in which he admitted that he drove the two men down near the river and told them to get out, took out his revolver and demanded their money. He said they started laughing and

one of them gave him his money, but the other refused. He admitted that he then started shooting and emptied his pistol at them. They fell down, and he scooped up their money and left.

The county medical examiner, who examined the body of the deceased Valdivia, testified that Valdivia received two gunshot wounds, either of which could have been fatal.

Appellant related a different version of the affair at the trial. He testified that he had won all the money in the card game and then agreed to take the other men home. He decided to drive down to the levee near some trees to urinate. He heard them talking and he told them to get out of the truck. They started laughing at him. He testified that he was going to fight them with his hands, but that Valdivia pointed a pistol at him and told him he wanted his money back. At that point, said appellant, he grabbed Valdivia's hand and twisted the gun, which fired and struck Valdivia. As Valdivia went down, appellant said, Serrato came at him with a knife. Appellant said that he then fired a shot toward the ground and "told the guy to stay back." According to appellant, Serrato continued to come toward him. Appellant hit Serrato in the face with the gun barrel, and the gun fired again. Appellant testified that he then threw the gun down and left in his truck. Other witnesses offered by appellant who were not present at the shooting corroborated his testimony in minor respects.

■ We hold that the evidence is sufficient to support the conviction. Serrato gives essentially the same account of the affair as that related in appellant's confession, but even if the confession is not considered, Serrato's testimony, together with

that of the medical examiner, is sufficient, notwithstanding appellant's contrary testimony. The jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Daniels v. State*, 600 S.W.2d 813, 815 (Tex.Cr. App.1980); Tex.Code Crim.Pro.Ann. art. 36.13 (Vernon 1981) and art. 38.04 (Vernon 1979).

### *Second Ground: Refusal to Charge on Involuntary Manslaughter*

The court instructed the jury on both accident and self-defense. Appellant contends, however, that the court erred in refusing his requested charges on several lesser included offenses. After reviewing the evidence and the opinions of the Court of Criminal Appeals, we conclude that none of these issues is raised because there is no evidence that defendant is guilty only of a lesser offense.

■ Although the judges of the Court of Criminal Appeals have not been in agreement, the prevailing view seems to be that a two-step analysis must be used to determine whether a charge on the lesser included offense is required. First, the elements of the lesser offense must be included within the proof necessary to establish the offense charged, and, second, there must be evidence that if the defendant is guilty, he is guilty only of the lesser offense. *Bravo v. State*, 627 S.W.2d 152 (Tex.Cr.App.1982, en banc); *Royster v. State*, 622 S.W.2d 442, 446–47 (Tex.Cr.App.1981); *Watson v. State*, 605 S.W.2d 877, 884 (Tex.Cr.App.1980).[1] This "guilty only" rule has been interpreted to mean that if the evidence raises only the issue that the accused is guilty of the greater offense or no offense at all, the issue of a lesser included offense is not raised. *Simpkins v. State*, 590 S.W.2d 129, 134 (Tex.Cr.

1. We note that in *Royster*, only four members of the court joined in the opinion adhering to the "guilty only" rule, two members concurred, and three dissented. The two concurring judges preferred to follow the federal rule, as stated in *Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965), to the effect that the lesser offense is raised when there is conflicting evidence concerning an element of the greater offense which is not an element of the lesser offense. In *Watson*, one judge concurred in the result but disagreed with the "guilty only" rule, two judges dissented because they disagreed with the "guilty only" rule, and two judges dissented on other grounds. However, in light of the court's recent opinion in *Bravo*, *supra*, the "guilty only" test now appears to have been adopted by a majority of the court.

App.1979); *Thomas v. State,* 578 S.W.2d 691, 698 (Tex.Cr.App.1979); *McBrayer v. State,* 504 S.W.2d 445, 447 (Tex.Cr.App. 1974). Evidence raising the issue may come from any source. *Simpkins v. State, supra,* at 132. However, the issue is not raised when the defendant's evidence unequivocally negates the lesser offense. *Eldred v. State,* 578 S.W.2d 721, 723–24 (Tex.Cr.App. 1979); *Williams v. State,* 575 S.W.2d 30, 33 (Tex.Cr.App.1979); *McCardell v. State,* 557 S.W.2d 289, 293–94 (Tex.Cr.App.1977, Roberts, J., dissenting); *Torres v. State,* 493 S.W.2d 874, 875 (Tex.Cr.App.1973).

■ Applying this rule to the present case, we conclude that the lesser offense of involuntary manslaughter was not raised. Conviction of that offense would require proof that appellant consciously disregarded an unjustifiable risk, within the definition of involuntary manslaughter in Tex.Penal Code Ann. § 19.05(a) (Vernon 1974). According to Serrato, the shooting was intentional. According to appellant, the first shot was fired accidentally when he was twisting the hand in which Valdivia held a gun, the second was fired into the ground to stop Serrato from coming toward him with a knife, and the third was fired accidentally when appellant hit Serrato in the face with the gun. This evidence may raise accident and self-defense, but not involuntary manslaughter because there was no evidence he consciously disregarded an unjustifiable risk without intent to kill. Consequently, the requested charge on involuntary manslaughter was properly refused. *Brooks v. State,* 548 S.W.2d 680, 683–84 (Tex.Cr.App.1977).

### Third Ground: Refusal to Charge on Aggravated Assault

■ Appellant's testimony that he did not intend to kill anyone, but only intended to fight with his hands, does not raise the issue of aggravated assault. Conviction of that offense requires proof that the defendant's conduct causing serious bodily injury be intentional, knowing, or reckless. Tex. Penal Code Ann. §§ 22.01(a)(1), 22.02(a)(1) (Vernon Supp.1982). Intentional, knowing, or reckless conduct resulting in the fatal discharge of a gun raises a presumption of intent to kill; on this theory it has repeatedly been held that when a weapon considered deadly per se is used in a deadly manner and death results, the testimony of the accused that he did not intend to kill does not raise aggravated assault. *Simpkins v. State,* 590 S.W.2d 129, 134 (Tex.Cr. App.1979); *Stills v. State,* 492 S.W.2d 478, 479 (Tex.Cr.App.1973); *Smith v. State,* 411 S.W.2d 548, 553 (Tex.Cr.App.1967); *Barr v. State,* 146 Tex.Cr.R. 178, 172 S.W.2d 322 (1943). In both *Simpkins* and *Barr, supra,* the court held that aggravated assault was not raised by the defendant's testimony that the gun was fired in the course of a struggle for its control.

Appellant cites *Thompson v. State,* 521 S.W.2d 621, 624 (Tex.Cr.App.1974) in support of his contention that his testimony raises aggravated assault. His reliance on that decision is misplaced because there the prosecution was not for murder, but for assault with intent to murder, which requires more particular proof of a specific intent to kill. In such a prosecution the intent to kill may be rebutted even though a deadly weapon is used, as the opinion in *Thompson* explains. On this express ground the *Thompson* opinion distinguishes the holding in *Stills* and *Barr.*

Here the evidence does not raise aggravated assault. Serrato's testimony does not raise it because he testified that appellant voluntarily fired the gun, and in that case appellant is guilty of murder because his intent to kill is presumed under the authorities cited. Appellant's own testimony does not raise it because he testified that he only intended to fight with his hands and did not voluntarily pull the trigger. This testimony does not raise the issue of intent to cause serious bodily injury, as the aggravated assault statute requires. Consequently, the charge on aggravated assault was properly refused.

### Fourth Ground: Refusal to Charge on Criminally Negligent Homicide.

■ Neither does the evidence raise the issue of criminally negligent homicide. Appellant's testimony that he did not intend to

kill the deceased and that his finger was not on the trigger of the gun when it discharged does not necessarily raise that issue, although it may raise the defense of accident. *Simpkins v. State,* 590 S.W.2d 129, 133 (Tex.Cr.App.1979); *Palafox v. State,* 484 S.W.2d 739, 744 (Tex.Cr.App. 1972). Conviction of criminally negligent homicide requires proof that the defendant committed a voluntary act with the requisite culpable mental state. *Simpkins v. State, supra,* at 133. That mental state is defined in section 6.03(d) of the Texas Penal Code (Vernon 1974) as follows:

A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

Under this statute it has been held that the issue of criminally negligent homicide is not raised by the defendant's testimony that the gun in question was accidentally discharged as the result of a struggle after the defendant had carried the gun into a crowd of people. *Simpkins v. State, supra,* at 133–34. Likewise, in *Thomas v. State,* 578 S.W.2d 691 (Tex.Cr.App.1979), the issue was held not raised by the defendant's testimony that she did not intend to kill anyone, but shot at random in an attempt to escape her alleged captors. *Thomas v. State, supra* at 698. In both of these cases the court pointed out that the defendant's testimony negated the elements of the offense of criminally negligent homicide. Also, in *Taylor v. State,* 145 Tex.Cr.R. 158, 166 S.W.2d 713, 715 (1942), the issue of negligent homicide was held not raised by the defendant's testimony that a pistol was discharged accidentally, since there was no evidence that the defendant wielded it in a negligent manner.

In the present case, there is no evidence that appellant was aware or should have been aware of a substantial and unjustifiable risk to the deceased Valdivia from appellant's attempt to take the gun from Valdivia or from his firing it into the ground in an attempt to prevent an attack from Serrato. Any risk to Valdivia was justified by the threatened attack. *Ashworth v. State,* 418 S.W.2d 668, 670 (Tex.Cr.App.1967).

The cases cited in the dissenting opinion do not require a different conclusion. In *Branham v. State,* 583 S.W.2d 782 (Tex.Cr. App.1979), and also in *London v. State,* 547 S.W.2d 27 (Tex.Cr.App.1977), the defendant admitted pointing the gun at the decedent, but testified that it discharged accidentally as the result of the action of a third person. In both cases the deliberate act of pointing the gun at the decedent was evidently regarded as creating a substantial and unjustifiable risk of which the defendant should have been aware. In *Esparza v. State,* 520 S.W.2d 891 (Tex.Cr.App.1975), the defendant admitted swinging his small son by the feet, but testified that he did not intend to strike the child's head on a chest of drawers. Such conduct, likewise, was held to raise the issue of negligent homicide, apparently because of the apparent danger to the child.

A different problem was presented in *Campbell v. State,* 614 S.W.2d 443, 445–46 (Tex.Cr.App.1981) by the defendant's testimony that the gun was discharged as a result of her attempt to take it away from the deceased, who, according to the defendant, was depressed and had entered the room with a gun in his hand. The court held that this evidence raised an issue as to whether the defendant was negligent in not perceiving the risk which her conduct created. In the present case, an entirely different situation is presented by appellant's testimony that Valdivia was threatening him with a gun and Serrato was coming toward him with a knife.

Neither can the issue of criminally negligent homicide be considered raised by taking part of appellant's testimony and part of the testimony of Serrato. Serrato's testimony that appellant pointed the pistol at Valdivia was unequivocally denied by appel-

lant, as was similar evidence offered by the State in *Simpkins*. The evidence, taken as a whole, shows that appellant was either guilty of murder or was guilty of no offense at all because the shooting was an accident or justifiable self-defense. Consequently, the requested issue of criminally negligent homicide was properly refused.

### Fifth Ground: Admitting Appellant's Confession

Appellant contends that his confession was improperly admitted in evidence because the evidence at the *Jackson-Denno* hearing was insufficient to support the trial judge's finding that the confession was voluntary. Appellant testified that he barely understood English and did not understand the confession when the officer read it to him. He also said that he signed the confession because the officers promised to release his brother from custody and because the officers represented that appellant would be able to get out on bond if he signed. The officers denied that they made any such statements or promises and testified that all of the necessary warnings were given, that the confession stated exactly what appellant told them, and that appellant had no difficulty in understanding and speaking English. The trial judge heard appellant's testimony in response to questions in English, and, therefore, could form his own opinion of appellant's ability to understand the officers' questions and the confession as read to him. Appellant's argument from the circumstances goes to the weight of the officers' testimony. At the hearing on admissibility of the confession, the judge had sole responsibility to determine the credibility of the witnesses and the weight of their testimony. *Myre v. State*, 545 S.W.2d 820, 824 (Tex.Cr.App. 1977). Consequently, the judge was free to reject defendant's testimony and find that the confession was voluntary. *Simmons v. State*, 504 S.W.2d 465, 471 (Tex.Cr.App. 1974), *cert. denied*, 419 U.S. 829, 95 S.Ct. 51, 42 L.Ed.2d 54 (1974). Therefore, we hold that the confession was properly admitted.

Affirmed.

WHITHAM, Justice, dissenting.

I respectfully dissent. I would sustain appellant's fourth ground of error complaining of the trial court's refusal to charge on criminally negligent homicide and accordingly reverse and remand.

The deceased was shot twice. Appellant's testimony in explanation of the decedent's first wound, that he twisted the hand in which decedent Valdivia held the gun, and appellant's testimony in explanation of decedent's second wound, that he fired the gun into the ground as a warning to Serrato who was approaching with a knife, are sufficient to raise the issue of criminal negligence as defined in Tex.Penal Code Ann. § 6.03(d). (Vernon 1974).

The facts in this case are similar to those of *Campbell v. State*, 614 S.W.2d 443 (Tex. Cr.App.1981). In that case, the defendant's testimony showed that the decedent entered a room with a gun. The defendant grabbed the hand in which the decedent held the gun and, while they were struggling, the gun went off. The defendant was convicted of murder and the Court of Criminal Appeals reversed on the ground that the defendant's testimony raised the issue of criminally negligent homicide and, accordingly, a charge on criminally negligent homicide should have been given to the jury. The same should be done in the present case.

The majority holds that appellant's real defenses were accident and self-defense which deny the mental state essential to criminal negligence. According to the majority, because these issues were properly submitted to the jury, appellant was not entitled to a charge on criminally negligent homicide. The majority's holding, however, is contrary to the opinions of the Court of Criminal Appeals in the cases of *Branham v. State*, 583 S.W.2d 782 (Tex.Cr.App.1979), and *London v. State*, 547 S.W.2d 27 (Tex.Cr. App.1977). In *Branham*, the defendant was indicted for murder and convicted of involuntary manslaughter. Charges were given on the law of murder, involuntary manslaughter, justification, mistake of fact and self-defense. The Court of Criminal Appeals reversed, stating that:

[B]ased on [defendant's] testimony that she thought the gun was unloaded, that she did not intend to fire the gun, that her finger was not on the trigger, and that the gun accidentally discharged when she was grabbed by a third party, the issue of criminally negligent homicide was raised. *Id.* at 785.

Likewise, in *London* the trial court submitted a charge to the jury on the law of murder and of accident, yet failed to include a charge on criminally negligent homicide. The Court of Criminal Appeals reversed stating: "A charge on accident was not sufficient to protect appellant's rights because it left the jury with the single alternative of finding him guilty of murder or setting him free." *London v. State*, 547 S.W.2d at 29. It is apparent, therefore, that if the evidence properly raises the issue of criminal negligence a defendant is entitled to a charge on the issue, regardless of any other charges he may also be entitled to. Contrary to the majority's holding, there is evidence that appellant is guilty only of the lesser offense of criminally negligent homicide. This is found in appellant's testimony as to how the deceased was shot twice.

In the present case the court holds that "the evidence, taken as a whole, shows that appellant was either guilty of murder or was guilty of no offense at all because the shooting was an accident or justifiable self-defense." [1] By so holding the court has substituted its judgment for that of the jury in considering the evidence taken as a whole and has decided that no jury, would accept appellant's version of how the deceased was shot twice. The majority's denial of the jury's prerogative is improper. As pointed out in *Moore v. State*, 574 S.W.2d 122 (Tex.Cr.App.1978):

The credibility of evidence and whether it is controverted or conflicts with other evidence in the case may not be considered in determining whether a defensive charge or an instruction on a lesser included offense should be given. When evidence from any source raises a defen-

sive issue or raises an issue that a lesser included offense may have been committed and a jury charge on the issue is properly requested, the issue must be submitted to the jury. It is then the jury's duty, under the proper instructions, to determine whether the evidence is credible and supports the defense or the lesser included offense. *Id.* at 124.

I respectfully suggest that the majority's entire opinion, as it deals with the matter of charges on lesser included offenses, is an attempt to abolish the existing law on the right of the accused to a charge on a lesser included offense. It will be society's loss if a jury is permitted only to convict of the crime charged or to acquit. Under such an arrangement one can take another's life and go free. At least when the jury has the opportunity to convict for the lesser included offense some punishment could be imposed for antisocial behavior upon conviction of the lesser included offense. The majority's decision may well create a situation where in yet another murder case one who takes a human life goes free by virtue of a jury acquittal where the jury had only two options—convictions of murder or acquittal. The interests of society would be better served if the jury had other options if raised by the evidence: to wit: convictions for voluntary manslaughter or involuntary manslaughter, or criminally negligent homicide.

Accordingly, I would reverse and remand.

---

1. There is no law and defense of accident in the present penal code, and the bench and bar would be well advised to avoid the term "acci-

dent" in connection with offenses defined by the present penal code. *Williams v. State*, 630 S.W.2d 640 (Tex.Cr.App.1982, en banc).