Andres DEL RIO, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–375–CR.

Court of Appeals of Texas, Corpus Christi.

June 9, 1983.

Ron Barroso, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction of voluntary manslaughter. After trial by jury, the trial court assessed appellant's punishment at 18 years in the Texas Department of Corrections.

Appellant's first contention is that the evidence was insufficient to prove that the appellant shot and killed Adan Salinas. The record shows that around midnight on August 14, 1981, in an area adjacent to Memorial Coliseum in Corpus Christi, appellant approached Steven Romero and fired a volley of shots. At the time of the shooting, between 20 and 30 persons were in the area which had been the site of a day-long party.

Steven Romero, the State's key witness, testified to the events leading to the midnight shooting. According to Romero, the trouble actually began in the late afternoon when appellant bothered some girls at the party. Romero insisted that appellant leave, and when the appellant refused, Romero chased him away with a baseball bat. Later in the evening, appellant returned to the party, and Romero again forced him to leave. Around midnight, appellant once again returned to the party. As appellant walked toward Romero, someone shouted that appellant had a gun. In response to the warning, Romero tackled and struggled with the appellant. Two shots were fired; one struck Romero in the cheek. Romero testified that he quickly fell to the ground and that someone fell on top of him. Five or six more shots were then fired, and, according to Romero, everybody "was ducking and hiding, going under cars and things." Romero was unable to see if anyone else had been shot. In describing what happened, Romero said that appellant "just emptied a clip on everybody."

Appellant contends that the evidence is insufficient to support the conviction because the State failed to link appellant directly to the deceased. Appellant argues that there was no evidence to show that the

*deceased* was present when appellant fired the gun.

■ Before addressing appellant's contention, we must note that this is a circumstantial evidence case because none of the witnesses testified to actually seeing appellant shoot the deceased, Adan Salinas. Although the appropriate appellate standard of review in circumstantial evidence cases has been the subject of recent scrutiny,[1] it appears that we can now view the evidence in the light most favorable to the jury's verdict. *Allen v. State,* 651 S.W.2d 267 (Tex.Cr.App.1983). In doing so, however, an appellate court will sustain the conviction only if the circumstances exclude every reasonable hypothesis except that of the defendant's guilt. *Moore v. State,* 640 S.W.2d 300 (Tex.Cr.App.1982). Proof amounting only to a strong suspicion is insufficient. *Flanagan v. State,* 620 S.W.2d 591 (Tex.Cr.App.1981).

Appellant's argument that the State failed to connect the appellant with the death of Adan Salinas is without merit. According to Corpus Christi Police Officer Steven Fowler, who arrived at the Coliseum less than two minutes after he received the call, he stated that he found two persons had been shot. One was Steven Romero; the other was Adan Salinas, the deceased. Salinas was lying on the ground near a white Trans-Am automobile.

Dennis Higbie testified that he had been at the Coliseum off and on throughout the day. Around midnight, Higbie saw the appellant approach Romero. He reported seeing the appellant fire the gun at Romero and then fire wildly into the crowd. Higbie said that he saw Romero and one other person put into an ambulance. He testified that he did not see anybody else with a gun and that all the shots came from the same direction. Higbie said that the appellant had an automatic gun of a twenty-five caliber. The medical examiner testified that a twenty-five caliber bullet was recovered from Salinas' body.

■ Having reviewed the entire record, we find that the evidence is sufficient to support the conviction. There is no evidence that Salinas had been shot in some other location or that he had been shot before or after the appellant's rampage. While it is true that a conviction will not be sustained if the circumstances do not exclude every other reasonable hypothesis except appellant's guilt, it is also true that for an outstanding hypothesis to be reasonable, it must be raised by some credible evidence. *Nilsson v. State,* 477 S.W.2d 592 (Tex.Cr.App.1972). Appellant fired the initial shots. There was no evidence that anyone other than the appellant shot a gun or possessed and shot a twenty-five caliber gun. Higbie testified that he heard no other shots. It is undisputed that Salinas was found at the scene of the shooting immediately after appellant fired the volley of shots. The first ground of error is overruled.

■ In his second ground of error, appellant contends that the trial court erred in refusing to submit a requested charge to the jury combining the law of accident and self-defense. While the court's charge instructed the jury on the law of transferred intent, self-defense, and circumstantial evidence, no instruction on "accident" was submitted. The court defined the culpable mental states required for murder and the lesser included offenses of voluntary manslaughter, involuntary manslaughter and criminally negligent homicide.

In *Williams v. State,* 630 S.W.2d 640 (Tex.Cr.App.1982), the Court of Criminal Appeals stated:

"There is no law and defense of accident in the present penal code, and the bench and bar would be well advised to avoid the term 'accident' in connection with offenses defined by the present penal code. The function of the former defense of accident is performed now by the requirement of V.T.C.A., Penal Code, Section 6.01(a), that, 'A person commits an

---

1. See *Wilson v. State,* 654 S.W.2d 465 (Tex.Cr. App.1983); *Taylor v. State,* 654 S.W.2d 753

(Tex.App.—Corpus Christi, 1983).

offense only if he voluntarily engages in conduct ....' *Dockery v. State,* 542 S.W.2d 644, 649–650 (Tex.Crim.App.1976). If the issue is raised by the evidence, a jury may be charged that a defendant should be acquitted if there is a reasonable doubt as to whether he voluntarily engaged in the conduct of which he is accused."

In reviewing the court's charge, we find that the court's charge authorized conviction for voluntary manslaughter only if the jury believed the appellant voluntarily engaged in conduct which caused the death of Adan Salinas. The appellant's grounds of error are overruled.

The judgment of the trial court is affirmed.