Theodore COLEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-85-443-CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1986.

James Lawrence, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before UTTER, BENAVIDES and DORSEY, JJ.

OPINION

UTTER, Justice.

Appellant was tried before a jury and found guilty of murder. His punishment was assessed at confinement in the Texas Department of Corrections for 30 years and a $10,000.00 fine. We affirm the judgment of the trial court.

Appellant has raised five grounds of error. The first four complain of the court's

charge and its refusal to submit requested instructions. The fifth ground challenges the sufficiency of the evidence to sustain appellant's conviction, and will be discussed first.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984).

Appellant was the owner of a night club called Teddy's Lounge. The victim, Deborah Davis, and Griselda Moore, both worked for appellant at Teddy's. Appellant was romantically involved with both women. Appellant, Moore and Davis were at Teddy's on the evening of April 14, 1981, and the early morning hours of April 15, 1981. According to Moore, she and Davis had been arguing over appellant. They closed the bar at around 2:30 A.M. and went to appellant's apartment. Appellant testified that Davis asked to come to his apartment to "watch us [appellant and Moore] have intercourse." When they arrived at the apartment there were two other women there, whom appellant said also lived with him.[1] Appellant and Moore went into the bedroom, disrobed, got in bed, and engaged in sexual intercourse. During their copulation, Davis entered the bedroom and sat on the dresser. Appellant and Moore both testified that Davis began threatening them, saying such things as, "if we didn't stop she would kill us."

It is at this point that appellant's and Moore's testimony took different courses. Appellant claimed that "he didn't stop when she told me to," but that he looked over at her and saw that she had a gun in her hand. He then "jumped from the bed," "tried to grab her," but instead hit her hand and heard the gun discharge. Appellant said that Davis slumped over and "just sat there on the dresser for awhile ... [then] ... just fell off the dresser on[to] the floor." Appellant contends that it was "just a freak accident."

Moore testified that Davis did not have a gun in her hand and that appellant did. She said that she saw appellant shoot Davis and wipe his fingerprints off the gun. On the day of the shooting, however, Moore related basically the same story that appellant testified to at trial. When questioned about the inconsistencies in her statement and testimony, Moore said that she, appellant, and the two women discussed what story they were going to tell the police and agreed upon the story related in their statements and by appellant's testimony.

Dr. Rupp, Nueces County Medical Examiner, testified that in his opinion, the victim was shot at a distance of greater than two feet; that "the deceased was shot by an assailant"; that it was not an accidental shooting; and that "you just don't get wounds like that from an accidental discharge of a firearm."

■ The jury is entitled to believe or disbelieve any witness' testimony or any part thereof. *Barros v. State,* 661 S.W.2d 337 (Tex.App.—Corpus Christi 1983, no pet.). The evidence outlined above was sufficient to support the jury's verdict. Appellant's fifth ground of error is overruled.

■ By his first four grounds of error, appellant contends that the trial court erred in refusing to charge the jury on certain defensive issues and lesser included offenses. When evidence from any source raises a defensive issue or an issue on a lesser included offense, and a charge is properly requested, a charge on that issue must be submitted to the jury. *Thomas v. State,* 699 S.W.2d 845 (Tex.Crim.App.1985).

By his first ground of error, appellant contends that the trial court erred in refusing to submit an issue on criminally negligent homicide. TEX.PENAL CODE

---

**1.** Neither one of these women testified, and although it has been alluded to in the record that they both made statements to the police, no such statements are in the record.

ANN. § 6.03(d) (Vernon 1974) defines criminal negligence as follows:

> A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and *unjustifiable* risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. [emphasis ours]

Appellant testified that Davis threatened to kill him and Moore, and that he heard Davis "fumbling around," turned around and saw that she had a gun in her hand. Apparently fearing that Davis was about to shoot him, appellant "jumped up from the bed" and tried to knock the gun from her hand, at which time the gun accidentally discharged.

The facts in the present case are analogous to those in *Gonzales v. State*, 632 S.W.2d 899 (Tex.App.—Dallas 1982, pet. ref'd), wherein the Dallas Court of Appeals held that the evidence did not raise an issue of criminally negligent homicide. In *Gonzales*, the defendant testified that the *deceased* pointed a gun at him, defendant "grabbed" the deceased's hand, "twisted the gun, which fired and struck [the deceased]." The Court held that "there is no evidence that appellant was aware or should have been aware of a substantial and unjustifiable risk to the deceased ... from appellant's attempt to take the gun from [the deceased] ... [a]ny risk to [the deceased] was justified by the threatened attack." *Id.* at 903.

In *Campbell v. State*, 614 S.W.2d 443 (Tex.Crim.App.1981), the defendant testified that the deceased had been depressed and entered a room with a gun in his hand. The defendant engaged in a struggle with the deceased to get the gun away from him. During the struggle, the gun fired, killing the deceased. It was held that this evidence raised the issue of criminal negligence. The Court stated that an issue was raised as to "whether appellant was negligent in not perceiving the risk which her conduct created." *Id.* at 446.

The distinction between *Campbell* and the case before us is that in *Campbell*, the defendant was not reacting to any threat of violence to *herself*, but was acting in order to prevent the deceased from harming *himself*, thus her actions created an "unjustifiable risk." The evidence raised the issue of whether it was negligent for her to engage in such a struggle.

■ Under appellant's own testimony, any risk to Davis was justified by the threatened attack. Appellant claims that he acted in an attempt to thwart that attack. Even if appellant failed to perceive the risk associated with his conduct, the risk was justifiable under the circumstances. Nor did Moore's testimony raise the issue. Her testimony indicated that appellant intentionally shot and killed Davis. Appellant's first ground of error is overruled.

■ By his second ground of error, appellant contends that the trial court erred in refusing to instruct the jury on self-defense. A person is justified in using deadly force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful deadly force if a reasonable person in the actor's situation would not have retreated. *Frank v. State*, 688 S.W.2d 863 (Tex.Crim.App.1985); TEX.PENAL CODE ANN. § 9.32 (Vernon Supp.1986).

■ Appellant's testimony did not raise the issue of self-defense. He testified that the gun *accidentally* discharged, not that it was necessary for him to use deadly force against Davis in order to protect himself or Moore. Likewise, Moore's testimo-

ny failed to raise the issue. She testified that appellant had the gun and shot Davis. According to Moore, although Davis did threaten them, she saw no gun in Davis' hand. Appellant's second ground of error is overruled.

■ By his third ground of error, appellant contends that the trial court erred in failing to submit his requested charge on accident. There is no law and defense of accident in the present penal code. *Williams v. State*, 630 S.W.2d 640 (Tex.Crim. App.1982). When the issue is raised by the evidence, the defendant's rights are protected by charging the jury that the defendant should be acquitted if there is a reasonable doubt as to whether he voluntarily engaged in the conduct of which he is accused. *Id.* at 644; *Del Rio v. State*, 664 S.W.2d 379 (Tex.App.—Corpus Christi 1983, no pet.). Here, the trial court did so instruct the jury. Appellant's third ground of error is overruled.

By his fourth ground of error, appellant contends that the trial court erred in failing to charge the jury on voluntary manslaughter. An accused is entitled to a charge on the offense of voluntary manslaughter when there is evidence that the killing occurred "under the immediate influence of sudden passion arising from an adequate cause." TEX.PENAL CODE ANN. § 19.-04(a) (Vernon 1974).

■ Appellant claimed that the gun accidentally discharged when he struck Davis' hand. Moore and appellant both testified that Davis threatened to kill them. However, Moore also testified that she saw appellant shoot and kill Davis. There is simply no evidence of "sudden passion arising from an adequate cause." Under the evidence, appellant was either guilty of murder, or entitled to an acquittal under his theory of accidental discharge. The jury decided upon the former. Ground of error number four is overruled.

The judgment of the trial court is AFFIRMED.