**Joe Butler ALLEN, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–89–266–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 6, 1991.

Richard S. Podgorski, Denton, for appellant.

Jerry Cobb, Criminal Dist. Atty., Gwinda Burns, Asst. Criminal Dist. Atty., Denton, for state.

Before JOE SPURLOCK, II, FARRIS and MEYERS, JJ.

## OPINION

MEYERS, Justice.

Appellant, Joe Butler Allen, appeals from a conviction by the jury for murder. *See* TEX. PENAL CODE ANN. § 19.02 (Vernon 1989). Punishment was assessed by the jury at thirty-five years confinement in the Texas Department of Corrections.[1]

We affirm.

Appellant asserts two points of error on appeal of his conviction. The first point of error raised by appellant complains that the trial court erred in not submitting a lesser-included offense of aggravated assault to the jury in its charge. Appellant's second point of error states that the evidence is insufficient to support the jury's verdict of guilty as to the charge of murder because the evidence did not show that appellant knowingly or intentionally caused the death of the deceased.

There is no dispute that on January 7, 1989, appellant shot and killed his live-in girlfriend, Wanda Fonteno, with a gun he borrowed from his brother. However, appellant contends that Fonteno's death was an accident which occurred when Fonteno struggled with him during his suicide attempt. Appellant's story is contrary to the story told by several witnesses.

1. Now the Texas Department of Criminal Justice, Institutional Division.

Appellant's first point of error contends that the trial court erred in not submitting a lesser-included offense of aggravated assault to the jury in its charge.

The court's charge allowed the jury to consider the offenses of murder, voluntary manslaughter, involuntary manslaughter and criminally negligent homicide. Appellant's request that the court charge the jury regarding aggravated assault was denied.

■ A charge on a lesser-included offense is required if the lesser-included offense must be included within the proof necessary to establish the offense charged and there is some evidence that if the defendant is guilty, he is guilty only of the lesser offense. *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. [Panel Op.] 1981) (on motion for reh'g).

■ Intentional, knowing, or reckless conduct resulting in the fatal discharge of a gun raises a presumption of intent to kill. *Gonzales v. State*, 632 S.W.2d 899, 902 (Tex.App.—Dallas 1982, pet. ref'd). Based on this theory, it has been held that when a weapon considered deadly per se is used in a deadly manner and death results, the testimony of the accused that he did not intend to kill does not raise aggravated assault. *Id.; see also Simpkins v. State*, 590 S.W.2d 129, 134 (Tex.Crim.App.1979).

■ Appellant shot Wanda Fonteno with a .357 pistol and her death resulted from this wound, thus appellant's testimony that he did not intend to cause Fonteno's death did not raise the issue of aggravated assault. *See Gonzales*, 632 S.W.2d at 902. Accordingly, the trial court did not err in refusing to charge the jury on the offense of aggravated assault. Appellant's first point of error is overruled.

Appellant's second point of error states that the evidence is insufficient to support the jury's verdict of guilty as to the charge of murder because the evidence did not show that appellant knowingly or intentionally killed the deceased.

■ In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable

to the verdict. *See Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on reh'g).

■ The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

■ Reviewing the sufficiency of the evidence to support the verdict in the instant case we find the testimony of several witnesses to be persuasive. Angela Haskins, Fonteno's sister, testified that Fonteno called her to the bedroom where Fonteno and appellant were alone. The door was locked and appellant refused to let Fonteno open it. At this point Haskins heard her sister say, "Joe is going to kill me." Haskins was attempting to open the bedroom door when she heard a shot. She had gone for help when she heard more shots fired. When Haskins asked appellant why he shot Fonteno, appellant replied "Leave me alone. You know why."

Ron Asbel testified that he went to appellant's apartment after he heard gunshots and yelling. Asbel saw the deceased and asked appellant why he did it. Appellant replied "I was sick and tired of her shit and couldn't take it anymore."

A suicide note written by appellant to his daughter, Meagan stated "When I go I'll take Some One [sic] with me. I know that [sic] wrong, but I've been hurt So much I just Can't Stand [sic] any more." Appel-

lant testified at trial that this reference to "Some One" referred to the evil part of himself which he planned to take with him.

Margaret Shelton testified that appellant told her that he left his first wife because she would not do the things he wanted and he was going to kill her. Appellant told Shelton if Fonteno thought she was going to do the same thing then the same thing was going to happen to her.

Lewisville Police Officer David Houser testified that when he arrived at appellant's apartment after the shooting he approached appellant who put his hands behind his back and said, "Take me, I did it."

Reviewing this evidence in a light most favorable to the verdict, we find that a rational trier of fact could have found the essential elements of the crime of murder beyond a reasonable doubt. *See Bonham,* 680 S.W.2d at 819. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.