## WILLIAM PERRYMAN v. THE STATE.

1. It is not a necessary allegation in an indictment for murder that the party slain was a reasonable creature in being.
2. On appeal from a conviction of murder in the second degree, it is urged as a ground for reversing the judgment of the court below, that the court erred in not charging the jury as to murder in the first and second degrees. *Held*, that as the appellant was only convicted of murder in the second degree, there exists no cause for reversing the judgment on this account.
3. On the trial of an indictment for murder, it is competent to infer the motives of the accused from his actions.

APPEAL from Coryell.  Tried below before the Hon. J. P. Osterhout.

There is no occasion for a statement of the facts.

*McGinnis & Lowry*, for appellant.

*Wm. Alexander*, Attorney-General, for the State.

WALKER, J.   The appellant was indicted with one Augustus Fore, for the murder of Wm. H. McMillan ; was tried, and convicted of murder in the second degree, and sentenced to five years' imprisonment in the penitentiary.

The errors assigned may be discussed under three heads.

It is urged by appellant's counsel that the indictment is insufficient, it not describing the man slain as a reasonable creature in being.

Whatever may have been thought by the early writers on criminal law and pleading this averment is no longer deemed necessary in an indictment for murder.   It is not found in the standard precedents, and, we believe, has never been regarded as necessary in the State of Texas.   It is certainly unnecessary, to enable the defendant in an indictment for murder to make any defense which he might have against a charge of this na-

21

ture; for if the slain be not a reasonable creature, and the fact is at all material, it might be offered in evidence under the general issue, or pleaded specially. In the language of our statute, "Every person with a sound memory and discretion, "who shall unlawfully kill any reasonable creature in being, "within this State, with malice aforethought, either expressed "or implied, shall be deemed guilty of murder."

Man is the only created, reasonable creature, and if the killing be that of a man, a reasonable creature in being is killed, and a man is described by Christian and surnames. The words, Wm. H. McMillan, describe a man; a man is a reasonable creature; and, therefore, the words, William H. McMillan describe a reasonable creature.

True, Wm. H. McMillan might be a boy, an infant, an idiot, or lunatic, but he would still, in the sense of the law, be a reasonable creature. It is again contended that the court below omitted to instruct the jury in the definitions of murder in the first and second degrees, and that the judgment should be reversed on this account; but we see no reason herein for reversing the judgment, inasmuch as the jury found him guilty only of murder in the second degree.

The appellant's counsel should have noticed this on the trial below, and if the court had refused to charge the jury as the law requires, exceptions should have been served.

It is contended that the charge of the court is erroneous, because it comments upon the weight of evidence, and employs language calculated to prejudice the defendant in the minds of the jurors. The only objection we can see to the charge is in its want of clearness. Too many words are used to express the simple idea that a man's motives may be inferred from his actions, and that these may be given in evidence against him. This is certainly the law, and no valid objection can lie against it.

The judgment of the District Court is affirmed.

Affirmed.