No. 5333.

## HAMP WADE *alias* HAMP BANKS *v.* THE STATE.

1. MURDER—INDICTMENT is sufficient to charge the offense of murder if it alleges the name of the person killed, although it omits to charge that the deceased was a "reasonable creature in being." Whether or not the deceased was a "reasonable creature in being" is a matter of proof, and not of pleading. That the alleged name of the deceased (*e. g.*, "Smutty My Darling,") is an unprecedented one is immaterial.
2. SAME—CHARGE OF THE COURT, in the absence of a statement of facts, can be considered on appeal only with reference to fundamental errors. If it conforms to the indictment it must be presumed that it responded to the evidence adduced on the trial.

APPEAL from the District Court of Walker. Tried below before the Hon. N. G. Kittrell.

The death penalty was assessed against the appellant in this case upon his conviction in the first degree for the murder of "Smutty My Darling," in Walker county, Texas, on the fifteenth day of November, 1886. The transcript brings up no statement of facts.

*W. A. Leigh* and *Benton Randolph,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. It was not error to overrule the exception to the indictment and the motion in arrest of judgment, both based upon the supposed insufficiency of the indictment in that "it does not appear from the face of the indictment whether the defendant killed a man, or a beast, or some inanimate object." It is alleged in the indictment that the defendant killed "Smutty My Darling." It has been repeatedly held by this court that in an indictment for murder it is sufficient to allege the name of the deceased, without further alleging that said deceased was "a reasonable creature in being." (Bean v. The State, 17 Texas Ct. App., 60, and cases there cited.) Whether or not the deceased was "a reasonable creature in being," and therefore the subject of unlawful homicide, is a question not of pleading, but of proof. If

the name of the deceased, as alleged in the indictment, was the name of a human being, and it was this identical human being that was killed, it can make no difference that the name is an unusual one,—a name perhaps never before applied to a person. The singularity of the name would serve the more certainly to identify the deceased. In all respects the indictment is in accordance with long approved precedent, and is sufficient.

Several objections to the charge of the court are presented in a motion for a new trial, in an assignment of errors, and in the brief of counsel for defendant. As there is no statement of facts in the record, we can only consider the charge with reference to fundamental errors, such errors as would under any state of facts be fatal to the conviction. We find no such error in the charge before us. It conforms to the indictment, and we must presume that it conformed to and was warranted by the evidence. It was not excepted to at the time of the trial, nor were any additional instructions requested. While in some of the respects complained of, the charge may not be critically correct, there are no such errors as can be considered fatal to the conviction in the absence of a statement of facts.

There is no such error shown by the record as would authorize the conviction to be set aside, and the judgment is affirmed.

*Affirmed.*