## W. S. HENDERSON v. THE STATE.

No. 15302. Delivered October 26, 1932.
Reported in 53 S. W. (2d) 785.

The opinion states the case.

*A. G. Mueller* and *Bill Watkins,* both of Llano, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Appellant was convicted under article 1265, Penal Code, for seriously threatening the life of another; punishment assessed at a fine of $250.

There is no statement of facts and no bills of exception in this record. The appellant relies for reversal of this case upon alleged fundamental error, in that the information upon which this conviction is based does not charge the offense attempted to be defined by the state under the statute.

Article 1265, P. C., provides: "Whoever shall seriously threaten to take the life of any human being or to inflict upon any human being any serious bodily injury shall be fined not less than one hundred nor more than two thousand dollars, and in addition thereto may be imprisoned in jail not exceeding one year."

Omitting the formal parts, the complaint and information in this case charged that W. S. Henderson "did then and there seriously threaten to take the life of Jim Gage, Sr., and did then and there seriously threaten to take the life of Jim Gage, Sr., by obtaining a shot gun and searching for the said Jim Gage, Sr., and then and there expressing by words and acts a desire and intention to find the said Jim Gage, Sr., and to kill him with said shot gun."

The appellant contends that the information is fatally defective in that it did not allege that Jim Gage, Sr., whose life it was alleged in the information that the appellant seriously threatened, was a human being; it being contended that, the statute having used the words "human being," it became necessary to charge in the information that Jim Gage, Sr., was a human being.

We have not been cited to any cases that hold in effect that it is necessary that the indictment or information allege that the person threatened was a human being in charging the offense under said article 1265. We do not believe that the words "human being" omitted were essential to the certainty necessary in the description of the offense charged.

In the case of Bohannon v. State, 14 Texas App., 271, 299, wherein an indictment for murder was attacked because it did not allege that the deceased was a reasonable creature or human

being, the court there said: "It has never been held necessary that the indictment should allege that the deceased was a 'human being,' or a 'reasonable creature,' although in the definition of murder one or the other of these descriptions of the deceased are used. To allege the name of the person killed, or that his name is unknown, is a sufficient allegation that the deceased was the subject of murder, as it will be presumed that the indictment is understood according to the import of the common language used therein." See, also, Perryman v. State, 36 Texas., 321.

Although we believe the better practice would have been to allege that the person threatened was a human being, we see no reason why the rule announced in the cases cited in the case of murder should not apply in charging an offense under article 1265, Penal Code.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.