Mary Elizabeth BOLES, Appellant,

v.

The STATE of Texas, Appellee.

No. 58880.

Court of Criminal Appeals of Texas,
Panel No. 1.

May 7, 1980.

Patrick A. Robertson, Edgar A. Mason, Dallas, for appellant.

Jerry Spencer Davis, Dist. Atty., Greenville, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and W. C. DAVIS, JJ.

### OPINION

ONION, Presiding Judge.

This is an appeal from a murder conviction, where the jury assessed punishment at twenty (20) years' imprisonment.

On appeal the appellant contends the indictment is fundamentally defective because it fails to allege the deceased was an "individual," the court erred in failing to charge, sua sponte, on the lesser included offense of criminally negligent homicide, that her counsel rendered ineffective assistance for failing to object or request such charge, that the State suppressed evidence, and the court erred in permitting the prosecutor to comment on the failure of appellant to call her husband as a witness.

V.T.C.A., Penal Code, § 19.02 (Murder), provides in part:

"(a) A person commits an offense if he:

"(1) intentionally or knowingly causes the death of an *individual*;

"(2) * * *" (Emphasis supplied.)

V.T.C.A., Penal Code, § 1.07(a)(17), provides:

"(17) 'Individual' means a human being who has been born and is alive."

Omitting the formal parts, the indictment alleges in pertinent part "that on or about the 16th day of January, A.D. 1977 and before the presentment of this indictment in the county and state aforesaid Mary Elizabeth Boles did then and there intentionally and knowingly cause the death of Mary Revill Stephenson by shooting her with a gun . . . ."

There was no motion to quash the indictment, but appellant contends the indictment is fundamentally defective since Mary Revill Stephenson was not alleged to be an "individual." Appellant cites no authority on this precise question as this appears to be a question of first impression since the enactment of the 1974 Penal Code. Appellant does call our attention to Morrison and Blackwell, New Texas Penal Code Forms, § 19.02A, p. 7, which recommends the allegation of "individual" in addition to the name of deceased.[1] Unquestionably this is better practice. The question remains whether failure to so allege renders the indictment defective, particularly fundamentally defective.

In *Bohannon v. State*, 14 Tex.App. 271, 299 (Ct. of App. 1883), it was stated:

"The charging portion of the indictment alleged:

That F. W. Bohannon, on or about the seventh day of December, one thousand and eight hundred and eighty-one, in the County of Fort Bend and State of Texas, did then and there with malice aforethought kill J. L. Knox, by shooting him with a gun; contrary to law and against the peace and dignity of the State."

Bohannon excepted to the indictment for failure to allege that Knox, the murdered man, was a "reasonable creature."

In its opinion, the court wrote:

"It has never been held necessary that the indictment should allege that the deceased was a 'human being' or a 'reasonable creature' *although in the definition of murder one or the other of these descriptions of the deceased are used.* To allege the name of the person killed, or that his name is unknown, is a sufficient allegation that the deceased was the subject of murder, as it will be presumed that the indictment is understood according to the import of the common language used therein. (Code Crim.Proc., Art. 425; Penal Code, Art. 10; 2 Bish., Cr.Law, Sec. 506; *State v. Stanley*, 33 Iowa, 526; *Perryman v. The State*, 36 Texas, 321; *Reed v. The State*, 16 Ark., 499; 1 Archb.Cr.Pr. and Pl., 784; 1 Whart.Prec., 114)." (Emphasis supplied.)

---

1. The indictment forms suggested in McClung's "Jury Charges for Texas Criminal Practice (Indictments and Informations)," p. 292, and in 2 Branch's 3rd Ed., Texas Anno. Penal Statutes, § 19.02, p. 13, do not allege "individual."

In *Wade v. State*, 23 Tex.App. 308, 4 S.W. 896 (1887), it was written:

"It was not error to overrule the exception to the indictment, and the motion in arrest of judgment, both based upon the supposed insufficiency of the indictment, in that 'it does not appear from the face of the indictment whether the defendant killed a man or a beast or some inanimate object.' It is alleged in the indictment that the defendant killed 'Smutty, My Darling.' It has been repeatedly held by this court that in an indictment for murder it is sufficient to allege the name of the deceased, without further alleging that said deceased was a 'reasonable creature of being.' *Bean v. State*, 17 Tex. App. 60, and cases cited. Whether or not the deceased was a 'reasonable creature of being,' and therefore the subject of unlawful homicide, is a question not of pleading, but of proof. If the name of the deceased, as alleged in the indictment, was the name of a human being, and it was this identical human being that was killed, it can make no difference that the name is an unusual one,—a name perhaps never before applied to a person. The singularity of the name would serve the more certainly to identify the deceased. In all respects the indictment is in accordance with long-approved precedents, and is sufficient."

See also *Perryman v. State*, 36 Tex. 321 (1872); *Ogden v. State*, 15 Tex.App. 454 (1884); *Bean v. State*, 17 Tex.App. 60 (1884); *Zunago v. State*, 63 Tex.Cr.R. 58, 138 S.W. 713 (1911); *Ringo v. State*, 54 Tex.Cr.R. 561, 114 S.W. 119 (1908), and cases there cited; *Henderson v. State*, 122 Tex.Cr.R. 86, 53 S.W.2d 785 (1932). See and cf. *Ward v. State*, 427 S.W.2d 876 (Tex.Cr. App.1968).

Appellant's contention is overruled.

The sufficiency of the evidence is not challenged, but a brief discussion of the facts is necessary to place the next ground of error in proper perspective in which the appellant contends the trial court erred in failing to charge, sua sponte, on the lesser included offense of criminally negligent homicide. The appellant did not object to the court's charge nor advance a special requested charge on this basis.

The State's evidence shows that prior to the killing appellant's husband and the deceased had engaged in an extramarital affair, and that in the early morning hours of January 16, 1977, the appellant shot and killed the deceased in the deceased's home in Quinlan.

The appellant was arrested at the nearby home of a friend to whom she had stated that she had shot the deceased. A .22 caliber pistol was recovered from the home of appellant's daughter where appellant's husband had apparently taken it after the shooting.

The autopsy revealed that the deceased had been shot three times with .22 caliber slugs, with the fatal wound entering her back and penetrating the left lung and the aorta. It was also shown that several months prior to the killing the appellant confronted her husband and the deceased in public at a V.F.W. hall and that an argument and then a scuffle between the two women ensued during which time appellant's husband pushed her against the side of a pickup truck and had to be restrained by another man. It was also related by the deceased's nephew that during this time appellant had threatened to get a gun and kill the deceased.

The appellant, age fifty-one, mother of six children and grandmother of nine, testified she had been married thirty-six years. She related her husband and the deceased commenced an extramarital affair and that in September, 1976 her husband left home and commenced living with the deceased. She admitted that she confronted them in public one day to discuss the payment of bills with her husband and that she and the deceased engaged in an argument and scuffle and her husband had to be restrained after attacking her. She denied ever making a threat to kill against the deceased. She stated that her husband moved home in December, 1976 and that on the night of January 15, 1977 he took her to the American Legion hall in West Tawakoni. During

the evening the deceased came in with two other couples and sat at their table. Appellant felt "uncomfortable" and later asked her husband to take her home. On the way home appellant related the deceased contacted her husband by C.B. radio and told him to be careful. Appellant testified that after reaching home and after a discussion her husband agreed to terminate the extramarital affair, but insisted on going to the deceased's home then to discuss the situation. She wanted to wait until the following Monday, but her husband insisted they go at that time, and she finally acquiesced. They drove to the deceased's home in a pickup truck and appellant related that as she picked up her purse, which she had placed on the floorboard, she discovered a pistol which she didn't know her husband kept in his truck. She placed it in her purse. Her husband used a key to open the back door of the deceased's house, but appellant refused to enter unless invited. Her husband entered and then stated, "It's all right. She's expecting us," and as appellant entered the house she heard her husband say, "She is going to get a gun." She took the gun from her purse about this time and saw a figure, apparently the deceased, coming toward her when she was attacked from her left side by her husband. She went to her knees and was scuffling when the gun discharged several times. Her husband disarmed her, and the appellant fled from the house and hid as her husband came out of the house and called her. She then made her way to the nearby home of a friend, where she was subsequently arrested.

Although the court charged on the law of circumstantial evidence and the defense of accident, appellant contends the court on its motion should have submitted the issue of the lesser included offense of criminally negligent homicide.

Appellant candidly admits that there was no objection to the charge as required by Article 36.14, V.A.C.C.P., nor a special requested charge as required by Article 36.15,

V.A.C.C.P. And the cases cited by appellant, *London v. State,* 547 S.W.2d 27 (Tex. Cr.App.1976), and *Esparza v. State,* 520 S.W.2d 891 (Tex.Cr.App.1975), involved a timely presented objection to the charge or a special requested charge. See also *Branham v. State,* 583 S.W.2d 782 (Tex.Cr.App. 1979).

In absence of an objection to a charge or a special requested charge, no errors therein can be considered on appeal, *Ashworth v. State,* 418 S.W.2d 668 (Tex.Cr. App.1967); *Dominguez v. State,* 459 S.W.2d 628 (Tex.Cr.App.1970), unless it appears that the defendant has not had a fair and impartial trial. *Jefferson v. State,* 487 S.W.2d 331 (Tex.Cr.App.1972); *Peterson v. State,* 508 S.W.2d 844 (Tex.Cr.App.1974). And *Ashworth* made clear that absent a request that the court charge on a lesser included offense or an objection on this ground a defendant could not complain thereof on appeal.

Appellant relies upon *Robinson v. State,* 553 S.W.2d 371 (Tex.Cr.App.1977), where it was held that there was fundamental error in the charge which authorized the jury to convict upon a theory of the commission of the alleged offense not charged in the indictment, despite the absence of an objection or special requested charge. *Robinson* is a far cry from the instant case where the claim is that the court, on its own motion, should have additionally charged the jury on the alleged lesser included offense. We cannot conclude the error, if any, was calculated to injure the rights of the appellant or that it appears from the record that she did not have a fair and impartial trial. See Article 36.19, V.A.C.C.P.

In addition to the above we express grave doubt that the evidence was sufficient to raise the issue of the lesser included offense of criminally negligent homicide. See V.T. C.A., Penal Code, §§ 19.07, 1.07(a)(10), 6.03(d).[2]

---

**2.** V.T.C.A., Penal Code, § 19.07, provides:

"(a) A person commits an offense if he causes the death of an individual by criminal negligence.

"(b) An offense under this section is a Class A misdemeanor."

■ Appellant also urges that she was denied the effective assistance of counsel because her retained counsel failed to object to the charge or make a special requested charge on the ground discussed above. The totality of the representation, rather than isolated acts or omissions, is the proper basis for inquiry. *Benoit v. State*, 561 S.W.2d 810 (Tex.Cr.App.1977); *Williams v. State*, 513 S.W.2d 54 (Tex.Cr.App.1974). The constitutional right to counsel, both federal and state, does not mean errorless counsel, and ineffectiveness is not to be determined by hindsighted comparison with how other counsel might have tried the case. *Benoit v. State*, supra; *Duran v. State*, 505 S.W.2d 863 (Tex.Cr.App.1974).

■ We hold that there was no breach of a legal duty owed to appellant by her retained counsel. *Ex parte Raley*, 528 S.W.2d 257 (Tex.Cr.App.1975). The evidence does not raise the issue of the lesser included offense of criminally negligent homicide. Under such circumstances, counsel was not under obligation to make an objection or special requested charge. The contention is overruled.

■ Appellant also complains of denial of her motion for new trial based on suppression by the State of evidence relevant to the defense. She contends that the State did not timely provide her with copies of a ballistics report and a written statement made by her husband. Allegedly, the State had agreed to provide these documents in the course of complying with a pre-trial discovery order, but did not do so until midway through the trial.

In the testimony on the motion for new trial, appellant's trial counsel stated that appellant's defense had been harmed by the State's untimely tender of the documents. The ballistics report was inconclusive on

identification of the slugs taken from deceased's body as having come from the gun appellant had carried on the night of the shooting. However, the report was not given to counsel until after the slugs and the pistol had been admitted into evidence without objection. Appellant's counsel testified that, had he known the report was inconclusive, he would have objected to the admission of those items into evidence.

Examination of the record fails to disclose any oral or written motion by appellant or order of the trial court for the discovery of such items. There is a motion requesting listing of the State's witnesses on the back of the indictment and a request to produce a written statement made by appellant. The record of the pre-trial hearing shows that these requests were complied with voluntarily by the State. The State's attorney offered to make available for inspection any other evidence in the State's possession. The record is silent as to whether appellant took advantage of this invitation. In this state of the record, nothing is presented for review.

■ Even had error been preserved, appellant's complaint would be without merit. The ballistics report was used at trial by the State to link the pistol found in the house of appellant's daughter to the causation of the death of the deceased. However, there was other evidence, admitted without objection, from witnesses Dorothy and Larry Tracy, that shortly after the incident at the deceased's home appellant stated in their presence that she had shot the deceased. Appellant herself identified the pistol as being the one she took into the deceased's home, and with which deceased was shot. Where facts complained of are admitted without objection by other competent evidence, no reversible error is present-

---

V.T.C.A., Penal Code, § 1.07(a)(10), provides:
"(10) 'Criminal negligence' is defined in Section 6.03 of this code (Culpable Mental States)."
V.T.C.A., Penal Code, § 6.03(d), provides:
"(d) A person acts with criminal negligence, or is criminally negligent with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be

aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint."

**280**

ed. *Crocker v. State*, 573 S.W.2d 190 (Tex. Cr.App.1978); *Granviel v. State*, 552 S.W.2d 107 (Tex.Cr.App.1976), cert. denied, 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977).

■ Further, the ballistics report in question does not fall within the rule of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Although the author of the report could not conclusively state an opinion that the slugs had been fired from the pistol in question, he did find that the rifling characteristics of the slugs and the pistol were consistent with such a conclusion. This state of the evidence is clearly distinguishable from the forensic report in question in *Means v. State*, 429 S.W.2d 490 (Tex.Cr.App.1968), cited by appellant. That report stated a conclusion that body hairs taken from appellant did *not* match some foreign hairs found on the body of the deceased in that case. We find that the contents of the report were not material, in that there is no reasonable doubt raised thereby which did not otherwise exist.[3] *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Stone v. State*, 583 S.W.2d 410 (Tex. Cr.App.1979). The ground of error is overruled. ○

■ Appellant's next ground of error complains of jury argument by the prosecutor. On two occasions, the prosecutor specifically called attention to the fact that according to appellant's testimony, her husband had been present at the shooting, yet had not been called as a defense witness. Appellant's counsel objected to the first of these statements, the objection was sustained, and the trial court *sua sponte* instructed the jury to disregard the comment. After the second comment, defense counsel objected again, and after a bench conference, the trial court overruled the objection.

The State generally cannot require one spouse to testify against the other in a criminal trial. Article 38.11, V.A.C.C.P. However, if the defendant's spouse is a fact witness to the incident in question and the defendant fails to call the spouse as a witness, the State may call this fact to the jury's attention. *Fisher v. State*, 511 S.W.2d 506 (Tex.Cr.App.1974). We reject appellant's contention that the prosecutor's statement that appellant's husband could have "cleared all this up," referring to the circumstances of the shooting, injected new and harmful facts into the case. The statement was a reasonable deduction from the evidence. *Frazier v. State*, 480 S.W.2d 375 (Tex.Cr.App.1972); *Griffin v. State*, 554 S.W.2d 688 (Tex.Cr.App.1977).

■ Regarding the third comment complained of, that appellant's husband knew his way around the deceased's house and was quite welcome there, there was no objection to this argument. Moreover, the statement was amply supported by the evidence. The ground of error is overruled.

The judgment is affirmed.

---

3. We cannot review the materiality of the affidavit of appellant's husband, since it was not included in the record.