**Olivia P. LONGORIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00388–CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 31, 1983.

Donna Rayes, Thorne, Peeler & Rayes, Pleasanton, for appellant.

Alger H. Kendall, Jr., Dist. Atty., Karnes City, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction for voluntary manslaughter. Appellant was indicted for murder and in a jury trial she was found guilty of voluntary manslaughter. Her punishment was assessed by the jury at ten (10) years' confinement.

Appellant raises three grounds of error in which she complains of the trial court's failure to submit a charge to the jury on "right to arm" and on involuntary manslaughter; and that her written post-arrest confession should not have been admitted because it was "involuntary as a matter of law." We affirm.

Appellant drove to the home of the deceased, Lucinda M. Benavides in Charlotte, Texas, at 10:30 a.m. on the day of the shooting. Benavides came out of her house and stood by the side of the car and started conversing with appellant who was sitting in the car. They talked for approximately ten minutes and then appellant fired a shot. Though hit in the heart, Benavides ran toward her house. Appellant fired two more shots at the fleeing Benavides, one of which struck her in the back. Benavides staggered into the house and died a few minutes later. After the shooting, appellant drove to Jourdanton, Texas, and surrendered to Atascosa County Sheriff Tommy Williams. When she met Sheriff Williams she gave him the gun used in the shooting and told him that she was the one who shot Benavides. A deputy read the *Miranda* rights to appellant in Spanish and then Sheriff Williams transported her to Charlotte, where he took her before a magistrate. Appellant was magistrated and her bond was set. Sheriff Williams drove appellant back to Jourdanton where she then gave a written confession to Ranger George E. Powell.

Appellant testified that before going to Benavides' house she stopped her car and loaded a pistol, that she intended only to scare Benavides and to ask her why she had threatened to kill her with a knife as had been related to appellant by her husband.

Appellant further testified that she shot Benavides because she thought Benavides was taking a knife out of her house coat pocket.

Appellant argues that a charge on the "right to arm" should have been given because the submitted instruction on the "duty to retreat" limited the charge on self-defense. She relies on *Sheppard v. State*, 545 S.W.2d 816 (Tex.Cr.App.1977) in support of her contention that the trial court erred in refusing to submit a charge on "right to arm." Appellant's reliance on *Sheppard* is misplaced. Though appellant apparently did seek out the deceased for the purpose of demanding an explanation, a charge on provoking the difficulty was not given by or requested of the trial court. The Court of Criminal Appeals in *Sheppard, supra* at 820, held that in the absence of a charge on provoking the difficulty, a charge on the "right to arm" is not required. A charge on the "right to arm" is necessary when a charge on provoking the difficulty is given in order to prevent the jury from finding that the defendant was the provocator simply because he armed himself. No such relationship exists between the "duty to retreat" and the "right to arm." It would be irrational for a jury to find that a defendant breached his "duty to retreat" simply because he had a right to arm himself. Accordingly, appellant's ground of error number one is overruled.

In ground of error number two appellant complains about the court's failure to submit an issue on involuntary manslaughter. Absent a specifically requested charge submitted to the court or an objection to the charge submitted, a defendant cannot complain on appeal. *Boles v. State*, 598 S.W.2d 274, 278 (Tex.Cr.App.1980). Appellant admits that there was no specially requested charge on involuntary manslaughter, but contends that she did object to the charge on the basis that it combined defensive theories which she was entitled to have separately submitted. This objection was not specific enough to apprise the court of the nature of her complaint with regard to the charge, particularly since the charge

did not include involuntary manslaughter as a defensive theory. *See* TEX.CODE CRIM. PROC.ANN. art. 36.14 (Vernon 1981); *Hackbarth v. State*, 617 S.W.2d 944, 947 (Tex.Cr.App.1981). The objection made did not request a charge on involuntary manslaughter, but only objected to the combining of defensive theories. This was insufficient to overcome the rule set out in *Boles, supra*. Appellant's ground of error number two is without merit, and is overruled.

In support of ground of error number three, that the confession was involuntary as a matter of law, appellant argues that she was incapable of intelligently waiving her rights. Appellant relies on *Tague v. State of Louisiana*, 444 U.S. 469, 100 S.Ct. 652, 62 L.Ed.2d 622 (1980). We note that in *Tague*, 444 U.S. at 469, 100 S.Ct. at 652, 62 L.Ed.2d at 624, the arresting officer "couldn't say yes or no" when asked if he administered any tests to determine whether petitioner was literate. In addition, no evidence at all was introduced in *Tague* to prove that petitioner knowingly and intelligently waived his rights. 444 U.S. at 471, 100 S.Ct. at 653, 62 L.Ed.2d at 625. In the instant case, the issue of voluntariness was heard by the court outside the presence of the jury. Ranger Powell testified that he read her the *Miranda* rights and appellant never denied that Powell told her she did not have to make a statement or that she had a right to have a lawyer present. Additionally, appellant was warned of her rights by the magistrate in Charlotte; and thereafter Ranger Powell advised her of her rights, reduced the statement to writing and had her read the statement before it was signed. At no time did appellant contest or claim that she did not understand her rights. Finally, the psychiatric examination of the appellant stated that appellant's "intelligence is assessed to fall within the borderline range, but is acceptable."

In light of this evidence, it cannot be said as a matter of law that appellant did not knowingly and intelligently waive her rights. The court found appellant's statement to be voluntary and the issue was further presented to the jury in the court's

charge. In answer to such issue a finding of voluntariness was made by the jury. *See Bell v. State,* 582 S.W.2d 800 (Tex.Cr.App. 1979). The court did not err in admitting appellant's confession. Appellant's final ground of error is overruled.

The judgment of the trial court is affirmed.