# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00513-CR

**Charles Gunn, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT NO. 3022358, HONORABLE FRED A. MOORE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Charles Gunn appeals a robbery conviction. *See* Tex. Pen. Code Ann. § 22.02 (West 2003). After appellant pleaded not guilty to an indictment for aggravated robbery, *see* Tex. Pen. Code Ann. § 29.03 (West 2003), the jury returned a verdict against appellant on the lesser-included offense of robbery. In this appeal, we review the trial court's denial of appellant's proposed jury instruction on the lesser included offense of theft. *See* Tex. Pen. Code Ann. § 31.03 (West Supp. 2004). For the reasons stated below, we affirm the judgment of conviction of robbery.

## BACKGROUND

On the morning of October 3, 2002, James King went to Delia Gutierrez's home to install broadband internet on her computer. While King was working in the back of the house, Gutierrez looked out of her screen door and saw a man taking tools from King's work truck, which

was parked in front of her house. Gutierrez walked back and asked King if he had called someone to take tools out of his truck because a man was outside removing tools. King got up and ran out the front door of the house.

Once outside, King saw appellant walking from his truck with some of King's tools in hand and yelled at him. Appellant got into a car parked across the street from Gutierrez's house, and King pursued him. Upon reaching the car, King approached the driver's window. King testified that appellant looked him in the eye as King tried to grab him.

From her doorway, Gutierrez saw King's left hand holding the car door handle, but she could not see his right hand. She saw appellant pull away at a high rate of speed, causing the wheels of the car to spin. King testified that his right elbow got caught between the seat and the shoulder harness as he was dragged along and ran beside the vehicle. King testified that he said, "Stop. I'm stuck. I'm stuck. I'm caught up." He said he feared being run over by the rear wheel of the car. King recalled that he traveled with the car for a distance of two or three car lengths.

King eventually freed his arm and fell to the ground, scraping his knee and left elbow. Gutierrez observed King bleeding, and she brought him some towels to wrap his arm. However, King did not request medical treatment or assistance for injuries sustained during the incident.

About four weeks after the incident, Detective Mike Williams discovered that the tools stolen from King's truck had been pawned thirty minutes after the theft occurred at a Cash America pawn store in Austin. Appellant had used his own identification to pawn the tools, and the pawn shop owner knew appellant from previous transactions at the pawn shop. The police issued a warrant for appellant's arrest, and he was taken to the police station for questioning. After he

2

waived his right to remain silent, the police videotaped a statement from him. In that video, he confessed to the theft but said that he did not remember dragging King.

Appellant was indicted for the aggravated robbery of James King. Appellant requested a jury instruction on the lesser-included offense of theft, which the trial court denied. The jury returned a verdict against appellant on the offense of robbery.

At the punishment stage, the trial court heard evidence without a jury and assessed an enhanced punishment of twenty-five years confinement because of appellant's previous felony convictions for driving while intoxicated and burglary. This appeal followed.

**DISCUSSION**

In his single issue on appeal, appellant challenges the trial court's denial of his request to include a jury instruction on the lesser-included offense of theft.

The State first responds that appellant did not preserve this issue for appeal. In order to preserve error relating to the jury charge there must either be an objection or a requested charge. *Vasquez v. State*, 919 S.W.2d 433, 435 (Tex. Crim. App. 1996); *Boles v. State*, 598 S.W.2d 274, 278 (Tex. Crim. App. 1980). Before a jury is charged, a defendant or his counsel can object to a court's jury instruction in writing; the writing requirement is satisfied if the objection is dictated to the court reporter in the presence of the court and the State's counsel. Tex. Code Crim. Proc. Ann. art. 36.14 (West 1998). Both sides also have a reasonable time to present special written instructions and ask that they be given to the jury. *Id*. art. 36.15 (West 1998). The requirement that the instructions be in writing is also satisfied if the instructions are dictated to the court reporter in the presence of the court and the State's counsel before the jury is charged. *Id*. If a party requests a special instruction

3

which is not incorporated into the charge, no additional objection is required. *Vasquez*, 919 S.W.2d at 435; *James v. State*, 772 S.W.2d 84, 112 (Tex. Crim. App. 1989). Neither article 36.14 nor article 36.15 requires that the requested charge be "in perfect form." *See Chapman v. State*, 921 S.W.2d 694, 695 (Tex. Crim. App. 1996). Rather, the request need only be "sufficient to call the trial court's attention to the omission in the court's charge." *Ford v. State*, 38 S.W.3d 836, 841 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *Chapman*, 921 S.W.2d at 695.

In this case, the appellant orally objected to the trial court's charge. At trial, appellant called the trial court's attention to his requested instruction on the lesser-included offense of theft by stating:

> The defendant would respectfully object to the Court allowing a conviction under aggravated assault in the application paragraph for recklessly causing bodily injury. As well, we would object to the application paragraph in Paragraph VI for recklessly causing bodily injury. The *defendant will also request the lesser-included offense of theft be included in the charge*, and the defendant will also request the Court include a charge on an voluntary act under 601.

(Emphasis added).

This statement was recorded in the trial record and dictated to the court reporter in the presence of the court and the state's counsel. The statement alerted the trial court that it had not included the lesser-included offense of theft in the charge to the jury. Because appellant satisfied the requisite standard to preserve his issue on appeal by calling the trial court's attention to the issue, this issue has not been waived.

Next, we consider whether the trial court improperly denied appellant's request for a jury instruction on the lesser-included offense of theft. Before an instruction on a lesser included

4

offense is warranted, the defense must establish: (1) the lesser included offense must be included within the proof necessary to establish the offense charged, and (2) some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994); *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993); *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985); *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981) (*Royster* test). In making this determination, this Court should review all of the evidence presented at trial. *Bignall*, 887 S.W.2d at 23; *Bell v. State*, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985); *Lugo v. State*, 667 S.W.2d 144, 147 (Tex. Crim. App. 1984); Eldred v. State, 578 S.W.2d 721, 723 (Tex. Crim. App. 1979).

In regards to the first prong of the *Royster* test, it is already firmly established that theft is a lesser-included offense of aggravated robbery. *Bignall*, 887 S.W.2d at 23; *Jones v. State*, 984 S.W.2d 254, 256 (Tex. Crim. App. 1998); *Eldred*, 578 S.W.2d at 722; *Campbell v. State*, 571 S.W.2d 161, 162 (Tex. Crim. App. 1978). We must only consider, therefore, the second prong—whether any evidence exists in the record that would permit a rational jury to find that the defendant is guilty only of theft. *Bignall*, 887 S.W.2d at 23.

This second part of the *Royster* test "preserves the integrity of the jury as the fact-finder by ensuring that the jury is instructed as to the lesser offense only when that offense constitutes a valid, rational alternative to the charged offense." *Arevalo v. State*, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997). Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. *Bignall*, 887 S.W.2d at 23. Nevertheless, juries cannot rightly convict of the lesser offense merely from sympathy or for the purpose of reaching an agreement. *Arevalo*,

943 S.W.2d at 889.  They are bound by the evidence and should be limited to those included crimes which a reasonable view of the evidence will sustain.  *Id.*

In this case, appellant admits that a theft occurred.  Therefore, an instruction on the lesser-included offense of theft is only appropriate if some evidence exists in the record that would permit a jury to rationally find that appellant is guilty only of theft.

Appellant argues that his videotaped statement by the police refutes or negates the culpability element of the robbery offense because he was not reckless, that is, aware of a substantial and unjustifiable risk of causing bodily injury.[1]  *See* Tex. Pen. Code Ann. § 6.03(c) (West 2003).  Thus, he believes that a rational jury could find that appellant did not consciously disregard a substantial and unjustifiable risk that bodily injury could occur when he started driving away.

Gutierrez testified that, at least, she saw King holding the handle of appellant's car when it "peeled out."  King testified that his arm was inside appellant's vehicle when appellant looked him in the eye and started driving.  In addition, in appellant's videotaped statement by the police, Detective Williams asked:

---

[1] Section 6.03(c) provides:

A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur.  The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

Tex. Pen. Code Ann. § 6.03(c) (West 2003).

Q: What do you remember about happening [sic] to that guy that day?

A: I remember he yelled, and I got in my car. I remember he tried grabbing me and that's all I remember.

Q: Do you remember dragging him down the street a little bit?

A: No

Q: When he stuck his hand in the car, I guess, and was trying to stop you, right?

A: Right

Appellant admits that King's arm was inside the car he was driving at the time he put the car in gear and accelerated. Thus, the reckless behavior element in this case is supported by King's testimony that appellant looked him in the eye when his arm was inside the car, by appellant's admission that King stuck his hand in the car, and by appellant's testimony that King tried to grab him. Appellant's statement that he does not remember dragging King does not negate his reckless culpability. Because appellant admits in his videotaped statement that he accelerated while King's arm was in the window of the car, no rational jury could find that he did not consciously disregard a substantial and unjustifiable risk that bodily injury could occur from his conduct. Thus, appellant's failure to offer evidence refuting the state's evidence that his conduct was reckless means that no valid, rational alternative exists to the charged offense of aggravated robbery and the lesser-included offense of robbery. We overrule appellant's issue on appeal.

## CONCLUSION

We conclude that the trial court acted properly by not charging the jury with an instruction on the lesser-included offense of theft. Therefore, appellant's issue is overruled and the conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   September 23, 2004

Do Not Publish

8