Opinion issued June 4, 2009











In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00222-CR




JULIAN MARS MCKITHAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1108037




MEMORANDUM OPINION
          A jury convicted appellant, Julian Mars McKithan, of aggravated sexual
assault. Appellant pleaded true to two prior felonies, which were used to enhance
punishment: possession of a controlled substance and possession of a controlled
substance with intent to deliver. The jury assessed punishment at life imprisonment. 
In one issue, appellant contends that the trial court erred by failing to instruct the jury
on the lesser-included offense of assault.
          We affirm.
Background
          Complainant’s friend introduced her to Dallas Temple and Ashley Carrera, who
sold drugs from their Galleria-area apartment in Houston, Texas. One night in
December 2006, after using drugs with Temple and Carrera, complainant left Temple
and Carrera’s apartment, helping herself to pain pills and about three grams of
methamphetamines without paying for them. The next morning, complainant met up
with Carrera at a store and followed her back to the apartment. While there, Carrera
handed complainant a bottle of water and asked her to bring it to a man in the parking
lot. Thirsty from doing drugs the night before, complainant took a drink. She
immediately realized that the bottle contained GHB, the “date-rape drug,” and she
tried to spit it out.


 She returned to the apartment and tried to make herself vomit. 
She passed out and remained unconscious for about eight hours.
          When she awoke, she heard Carrera say that she was “lucky” that Carrera was
not kicking her in the head. Over the course of several hours, Carrera, Temple, and
two other people, Ted Noble and Amanda Spano, assaulted, humiliated, threatened,
and interrogated complainant, accusing her of stealing three ounces of
methamphetamines and demanding that she return the drugs. Complainant testified
that Noble threatened to kill her, handcuffed her, bound her with duct tape, and put
her in the shower under cold running water for more than an hour. During the course
of the assault, someone cut off complainant’s ponytail with a knife. Complainant
testified that after she was removed from the shower, Temple told her that he was
going to have his friend Jules come over and rape her. Complainant was terrified: she
was still recovering from the effects of the GHB, and although she was aware of what
was going on around her, she was physically unable to move, resist, or fight back.
          Complainant testified that appellant removed her pants and told her he was
getting paid to rape her.


 Complainant testified that appellant assaulted her in the
bathroom for about 40 minutes, hitting her, kicking her, punching her in the eye, and
sexually assaulting her with his fingers. While she was in the bathroom with
appellant, complainant feared for her life because she heard Temple, Carrera, Noble,
and Spano discussing kidnapping her, and she was aware that they had guns and rope.
          The assault ended just before a police officer or security guard knocked on the
apartment door. Complainant went to the living room and sat on the couch beside
appellant, as instructed. She left when appellant told her she was free to leave, and
she drove home in her car, which had been ransacked and “mutilated” in an attempt
to find the missing drugs. Complainant later learned that a videotape was made of
part of her assault, which showed appellant putting his fingers inside of her.
          The State charged appellant with aggravated sexual assault in an indictment
that alleged, in the disjunctive, several different factors for aggravating the sexual
assault. Specifically, the indictment alleged that on or about December 17, 2006,
appellant “did then and there unlawfully, intentionally and knowingly cause the
penetration of the FEMALE SEXUAL ORGAN of [complainant] . . . by placing A
FINGER in the FEMALE SEXUAL ORGAN of the Complainant, without the
consent of the Complainant . . . .” The State alleged the following aggravating factors
in the disjunctive:
 . . . the Defendant compelled the Complainant to submit and participate
by the use of physical force and violence, and by acts and words the
Defendant placed the Complainant in fear that SERIOUS BODILY
INJURY would be imminently inflicted on [Complainant].
 
 . . . the Defendant compelled the Complainant to submit and participate
by the use of physical force and violence, and by acts and words the
Defendant placed the Complainant in fear that KIDNAPPING would be
imminently inflicted on [Complainant].
 
 . . . the Defendant compelled the Complainant to submit and participate
by threatening to use force and violence against the Complainant, and the
Complainant believed that the Defendant had the present ability to
execute the threat, and by acts and words the Defendant placed the
Complainant in fear that SERIOUS BODILY INJURY would be
imminently inflicted on [Complainant].
 
 . . . the Defendant compelled the Complainant to submit and participate
by threatening to use force and violence against the Complainant, and the
Complainant believed that the Defendant had the present ability to
execute the threat, and by acts and words the Defendant placed the
Complainant in fear that KIDNAPPING would be imminently inflicted
on [Complainant].
 
 . . . the Complainant had not consented and the Defendant knew that the
Complainant was unconscious and physically unable to resist, and by
acts and words the Defendant placed the Complainant in fear that
SERIOUS BODILY INJURY would be imminently inflicted on
[Complainant].
 
 . . . the Complainant had not consented and the Defendant knew that the
Complainant was unconscious and physically unable to resist, and by
acts and words the Defendant placed the Complainant in fear that
KIDNAPPING would be imminently inflicted on [Complainant].
 
          Appellant testified at trial, denying sexually assaulting complainant, explaining
that the videotape showed his hands on complainant’s upper thighs and his fingers
touching only the outside of complainant’s vagina, not penetrating it. He testified
that he was trying to scare her into telling him where the missing drugs were.
          Before the charge conference, appellant requested that the trial court instruct
the jury on the lesser-included offenses of “assault, bodily injury, and assault
defensive touching.”


 Appellant also objected to the disjunctive pleading in the
indictment. The trial court overruled appellant’s objections. The jury convicted
appellant of aggravated sexual assault and sentenced him to life imprisonment.
          In his sole issue, appellant argues that the trial court erred by denying his
requested instruction on the lesser-included offense of assault, because he denied
intending to sexually assault complainant but admitted assaulting her. 
Standard of Review
          To preserve error, an appellant must request an instruction on the lesser-included offense or object to the trial court’s omission of such an instruction from the
jury charge. Boles v. State, 598 S.W.2d 274, 278 (Tex. Crim. App. 1980) (absent
objection or request that court charge jury on lesser-included offense, defendant could
not complain on appeal).
          We use a two-pronged test to determine whether a defendant is entitled to an
instruction on a lesser-included offense. See Guzman v. State, 188 S.W.3d 185, 188
(Tex. Crim. App. 2006); Salinas v. State, 163 S.W.3d 734, 741 (Tex. Crim. App.
2005). The first step is to determine whether an offense is a lesser-included offense
of the alleged offense. Hall v. State, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007);
Salinas, 163 S.W.3d at 741. This determination is a question of law and does not
depend on the evidence to be produced at the trial. Hall, 225 S.W.3d at 535.
          An offense is a lesser-included offense if:
(1) it is established by proof of the same or less than all the facts
required to establish the commission of the offense charged;
 
(2) it differs from the offense charged only in the respect that a less
serious injury or risk of injury to the same person, property, or public
interest suffices to establish its commission;
 
(3) it differs from the offense charged only in the respect that a less
culpable mental state suffices to establish its commission; or
 
(4) it consists of an attempt to commit the offense charged or an
otherwise included offense.

Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006). When the greater offense
may be committed in more than one manner, the manner alleged will determine the
availability of lesser-included offenses. Hall, 225 S.W.3d at 531.
          The second step is to determine if there is some evidence that would permit a
rational jury to find that the defendant is guilty of the lesser offense but not guilty of
the greater. Id. at 536; Salinas, 163 S.W.3d at 741; Feldman v. State, 71 S.W.3d 738,
750 (Tex. Crim. App. 2002). Anything more than a scintilla of evidence may be
sufficient to entitle a defendant to a charge on the lesser offense. Hall, 225 S.W.3d
at 536. “[I]t is not enough that the jury may disbelieve crucial evidence pertaining
to the greater offense, but rather, there must be some evidence directly germane to the
lesser-included offense for the finder of fact to consider before an instruction on a
lesser-included offense is warranted.” Hampton v. State, 109 S.W.3d 437, 441 (Tex.
Crim. App. 2003). We review all evidence presented at trial to make this
determination. Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). If
the evidence raises the issue of a lesser-included offense, a jury charge must be given
based on that evidence, “whether produced by the State or the defendant and whether
it be strong, weak, unimpeached, or contradicted.” Id. at 672 (quoting Bell v. State,
693 S.W.2d 434, 442 (Tex. Crim. App. 1985)).
Discussion
          Appellant argues that the elements of assault are included in the elements
required to prove aggravated sexual assault as indicted by the first paragraph in the
indictment. A person commits the offense of sexual assault by intentionally or
knowingly causing “the penetration of the . . . sexual organ of another person by any
means, without that person’s consent.” Tex. Penal Code Ann. § 22.011(a)(1)(A)
(Vernon Supp. 2008). As charged in the indictment, a person commits the offense of
aggravated sexual assault by “intentionally or knowingly caus[ing] the penetration of
the . . . sexual organ of another person by any means, without that person’s consent”
and by committing one of six aggravating factors including causing serious bodily
injury, by acts or words plac[ing] the victim in fear of imminent death, serious bodily
injury, or kidnapping, or by acts or words occurring in the presence of the victim
threatening to cause the death, serious bodily injury, or kidnapping of any person. 
Tex. Penal Code Ann. § 22.021(a)(1)(A), (a)(2)(A) (Vernon Supp. 2008) (emphasis
added).
          A person commits an assault if the person:
(1) intentionally, knowingly, or recklessly causes bodily injury to
another, including the person’s spouse;
 
(2) intentionally or knowingly threatens another with imminent
bodily injury, including the person’s spouse; or
 
(3) intentionally or knowingly causes physical contact with
another when the person knows or should reasonably believe that
the other will regard the contact as offensive or provocative.
 
Tex. Penal Code Ann. § 22.01 (Vernon Supp. 2008). Appellant argues that the
elements of assault were necessarily included in the elements required to prove
aggravated sexual assault under the first paragraph of the indictment, which alleged:
 
The duly organized Grand Jury of Harris County, Texas, presents in the
District Court of Harris County, Texas, that in Harris County, Texas
JULIAN MARS MCKITHAN, hereafter styled the Defendant,
heretofore on or about DECEMBER 17, 2006, did then and there
unlawfully, intentionally and knowingly cause the penetration of the
FEMALE SEXUAL ORGAN of . . . the Complainant, by placing A
FINGER in the FEMALE SEXUAL ORGAN of the Complainant,
without the consent of the Complainant, namely, the Defendant
compelled the Complainant to submit and participate by the use of
physical force and violence, and by acts and words the Defendant placed
the Complainant in fear that SERIOUS BODILY INJURY would be
imminently inflicted on [complainant].
 
(Emphasis added). 
          At trial, appellant requested that the jury be instructed on the lesser-included
offenses of “assault bodily injury” and assault offensive touching. In other words,
appellant specifically requested lesser-included offense instructions as to
subparagraphs (1) and (3) of Penal Code section 22.01, but not subparagraph (2),
which defines assault as intentionally or knowingly threatening another with bodily
injury. Id.  Accordingly, appellant did not preserve error regarding the trial court’s
omission of a lesser-included offense instruction based on assault by threat. See, e.g.,
Kelley v. State, 845 S.W.2d 474, 479 (Tex. App.—Houston [1st Dist.] 1993 pet. ref’d)
(“As appellant made no request for the instruction on the lesser included offense, we
are not to consider it on appeal.”).
          However, we must address appellant’s contention that assault bodily injury and
assault offensive touching were lesser-included offenses of aggravated sexual assault
as charged in the indictment. Assault bodily injury requires proof that the defendant
caused bodily injury to the complainant; assault offensive touching requires proof that
the defendant knew or should have reasonably believed that the complainant would
regard the contact as offensive or provocative. Neither of these elements are within
the elements of aggravated sexual assault as charged in the indictment, which relied
on assault by threat or kidnapping as aggravating factors. Accordingly, neither
assault bodily injury nor assault offensive touching would be “established by proof
of the same or less than all the facts required to establish the commission” of
aggravated sexual assault as charged in the indictment. Tex. Code Crim. Proc. Ann.
art. 37.09(1) (Vernon 2006). Therefore, we hold that assault bodily injury and assault
offensive touching were not lesser-included offenses of aggravated sexual assault and
that the trial court did not err by refusing to instruct the jury on either offense. See
Ramos v. State, 981 S.W.2d 700, 701 (Tex. App.—Houston [1st Dist.] 1998 pet.
ref’d) (holding assault not lesser-included offense of aggravated sexual assault
because aggravated sexual assault does not require proof that actor knew or should
have known that contact would be offensive); see also Trejo v. State, 242 S.W.3d 48,
52 (Tex. App.—Houston [14th Dist.] 2007) (holding that aggravated assault not
lesser-included offense of aggravated sexual assault because aggravated sexual
assault does not require proof of serious bodily injury), rev’d on other grounds by
Trejo,280 S.W.3d 258, 261 (Tex. Crim. App. 2009) (holding that erroneous jury
charge did not deprive trial court of subject-matter jurisdiction because indictment
invoked trial court’s jurisdiction by alleging aggravated sexual assault); Dawson v.
State, No. 11-98-00022-CR, 1999 WL 33747865, *1 (Tex. App.—Eastland March
18, 1999, no pet.) (not designated for publication).
          We overrule appellant’s sole issue.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Jim Sharp
                                                             Justice

Panel consists of Justices Bland, Sharp, and Taft.




Do not publish. Tex. R. App. P. 47.2(b).